# EXHIBIT A

 **Nichols Kaster**
ATTORNEYS AT LAW

Jean K. Guthrie
Direct: 612-256-3272
Fax: (612) 215-6870
jguthrie@nka.com

4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

May 24, 2013

**VIA MESSENGER**
HireRight, Inc.
c/o Corporation Service Company
d/b/a CSC – Lawyers Incorporating Service
2710 Gateway Oaks Dr, Suite 150N
Sacramento, CA 95833

RE:   *Blanca Watkins v. HireRight, Inc.*, Case No. 37-2013-00050017-CU-OE-CTL
       Superior Court of California, County of San Diego

HireRight, Inc.:

Enclosed and served upon you please find:

1.   Complaint, with Exhibits;
2.   Civil Case Cover Sheet;
3.   Summons;
4.   Notice of Case Assignment and Case Management Conference;
5.   ADR Information Form;
6.   Stipulation to Use ADR;
7.   General Order No. 010313; and
8.   Electronic Filing Requirements of the San Diego Superior Court.

Per SDSC Local Rule 2.1.5, Plaintiff notes that Plaintiff seeks punitive damages on a class wide basis in an amount to be determined after discovery and in an amount appropriate to deter future violations and appropriately redress past violations.

Sincerely,

NICHOLS KASTER, PLLP

Jean K. Guthrie
Paralegal

Encl.

www.nka.com

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HireRight, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Blanca Watkins

<table>
<tr><td><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i><br><br><b>ELECTRONICALLY FILED</b><br>Superior Court of California,<br>County of San Diego<br><br><b>05/24/2013</b> at 08:10:00 AM<br><br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court, Central Div.<br><br>220 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>37-2013-00050017-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok, Law Offices of Devin H. Fok, P.O. Box 7165, Alhambra, CA 91802, 310-430-9933

| DATE: 05/24/2013 | Clerk, by | *L McAlister* (signature) | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | L McAlister | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* HireRight, Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 5·24·13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>─ Devin H. Fok, SBN 256599, Law Offices of Devin H. Fok, P.O. Box 7165, Alhambra<br>CA, 91802, Phone: 310-430-9933, devin@devinfoklaw.com; Joshua B. Kim,<br>SBN 257260, A New Way of Life Reentry Project; 958 E 108th St, Los Angeles CA<br>90059, Phone: 323-563-3575, joshua@anewwayoflife.org<br>TELEPHONE NO.:                       FAX NO.: 323-563-3445<br>ATTORNEY FOR (Name): Plaintiff Blanca Watkins | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/24/2013** at 08:10:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 220 West Broadway, San Diego, CA 92101
MAILING ADDRESS: 220 West Broadway, San Diego, CA 92101
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central Division

CASE NAME:
Watkins v. HireRight, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 37-2013-00050017-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | Judge Joan M. Lewis<br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence             f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 3 causes:15 U.S.C. 1681c(2), (5); 1681b(b)(1)(A)(ii), 1681e(1); 1681g(a)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 24, 2013
Devin H. Fok
_(TYPE OR PRINT NAME)_                                    _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):   Blanca Watkins

DEFENDANT(S) / RESPONDENT(S):   Hireright Inc

BLANCA WATKINS V HIRERIGHT INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2013-00050017-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Joan M. Lewis                          Department:  C-65

**COMPLAINT/PETITION FILED:** 05/24/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/22/2013 | 11:45 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2013-00050017-CU-OE-CTL   CASE TITLE:
Blanca Watkins v Hireright Inc [Imaged]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this **Alternative Dispute Resolution (ADR) Information** form (SDSC form #CIV-730),
      (2) the **Stipulation to Use Alternative Dispute Resolution (ADR)** form (SDSC form #CIV-359), <u>*and*</u>
      (3) the **Notice of Case Assignment** form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Blanca Watkins |
|---|
| DEFENDANT(S): Hireright Inc |
| SHORT TITLE: BLANCA WATKINS V HIRERIGHT INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2013-00050017-CU-OE-CTL |
|---|---|

Judge: Joan M. Lewis                                          Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____         Date: _____


_____         _____
Name of Plaintiff                              Name of Defendant


_____         _____
Signature                                      Signature


_____         _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney


_____         _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/24/2013                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

3

F I L E D
Clerk of the Superior Court

JAN 03 2013

By:___Amy Keffers

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 010313

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only. Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program. This General Order relates to Phase Two, and supplements General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit. Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///

///

///

1    This Order shall expire on December 31, 2013, unless otherwise ordered by this

2  court.

3        IT IS SO ORDERED.

4  Dated:  January 3, 2013

*Robert Trentacosta*

ROBERT J. TRENTACOSTA
**Presiding Judge**

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE E-FILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013,** documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 3, 2013 <u>and</u> has been imaged by the court.

## MANDATORY E-FILING

The case types that shall be subject to mandatory E-Filing are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including construction defect actions). "Complex cases" included in mandatory E-Filing include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction defect cases, currently being filed through the LexisNexis website, will continue to be filed through that system until further notice.

1

For cases of the type subject to mandatory E-Filing that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory E-Filing that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

## REQUIREMENTS FOR ALL EFILERS

eFile documents can only be filed through the court's Electronic Service Provider (the "Provider"). See www.onelegal.com.

eFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new e-Filing transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 48 hours of the time documents are electronically filed, litigant(s) should provide hard copies of the documents to the court. Transaction ID numbers should be noted on the documents to the extent it is feasible to do so.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING:** The following documents are **not eligible for e-Filing** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts

3

- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed).
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form.
- Documents attached to a Notice of Lodgment (although the cover document entitled "Notice of Lodgment" shall be filed electronically).

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for E-Filing will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

4

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
958 E 108th Street
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445

Attorneys for Individual and Representative Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/24/2013** at 08:10:00 AM
Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SAN DIEGO
### CENTRAL DIVISION

| | |
|---|---|
| BLANCA WATKINS, individually, on behalf of other similarly situated individuals, and on behalf of the general public, <br><br> v. <br><br> HIRERIGHT, INC., <br><br> Defendant. | Case No.: 37-2013-00050017-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) – (3) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., <br><br> **JURY TRIAL DEMANDED** |

Blanca Watkins ("Plaintiff"), by and through her attorneys, on behalf of herself, the Classes set forth below, and in the public interest, brings this Class Action Complaint against HireRight, Inc. ("Defendant" or "HireRight").

### PRELIMINARY STATEMENT

1.     This is a case about a consumer reporting agency's willful failure to follow federal and state laws designed to protect consumers from inaccurate, misleading, and

1    manifestly improper consumer reporting practices.

2        2.    Employers, lenders, and landlords use consumer reports to screen
3    applicants, borrowers and tenants.  They use the reports to deny people jobs, credit,
4    housing and access to other means by which to live.

5        3.    Recognizing that the content of consumer reports can have a significant
6    impact on people's lives, Congress has chosen to regulate the procurement, use and
7    content of those reports through the Fair Credit Reporting Act ("FCRA").  15 U.S.C. §
8    1681.

9        4.    The FCRA is Congress's effort to ensure that consumer reporting agencies
10   are required to report information in a manner which is "fair and equitable to the
11   consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper
12   utilization of such information."  *Id.*

13       5.    To achieve its goals, Congress has imposed strict limitations on the content
14   of consumer reports and has also imposed requirements intended to ensure that consumers
15   are easily able to access their own files.

16       6.    HireRight is one of the largest consumer reporting agencies in the United
17   States.  It provides consumer reports to employers, landlords, and creditors.

18       7.    HireRight's business extends beyond providing consumer reports to
19   employers, and also encompasses the provision of human resources support and
20   assistance.

21       8.    Specifically, in the context of employment, HireRight (on behalf of its
22   employer-clients) has a service whereby it will adjudicate the job applicants' eligibility for
23   employment based on a comparison of the information contained in its consumer reports
24   with hiring criteria specified by the employer.

25       9.    HireRight routinely and systematically violates multiple provisions of the
26   FCRA in connection with its issuance of consumer reports and adjudication of consumer
27   eligibility for employment.

28       10.    As further discussed herein, HireRight has violated and continues to violate

-2-
CLASS ACTION COMPLAINT

the FCRA by:

    a.    reporting old charges that were dismissed even though the FCRA explicitly prohibits the inclusion of this information in consumer reports (15 U.S.C. § 1681c(a) and (5));

    b.    actively assisting employers to violate state equal opportunity laws and regulations by reporting charges dismissed by court order pursuant to California Penal Code § 1203.4 in reports prepared for employment purposes, even though California law prohibits the inclusion of this information in employment reports and in spite of FCRA's explicit prohibition on the provision of reports which violate state law (15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a)); and

    c.    failing to provide consumers with full-file disclosures despite written requests they do so pursuant to 15 U.S.C. § 1681g(a)(1).

## THE PARTIES

11.    Individual and representative Plaintiff Blanca Watkins ("Watkins" or "Plaintiff") is a resident of Escondido, California.  The city of Escondido is located in the County of San Diego.

12.    Defendant HireRight, Inc. is a consumer reporting agency that focuses on providing consumer reports for employment purposes.  It does business throughout the United States, including in the County of San Diego.  HireRight's website is www.hireright.com, and general information about HireRight's business can be found at www.hireright.com/About-Us.aspx.  A copy of HireRight's "about us" page as it appeared on May 15, 2013 is attached hereto as Exhibit 1.

13.    HireRight is a consumer reporting agency within the meaning of the FCRA.  For monetary fees, HireRight engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the mail and internet, for the purpose of preparing and

-3-

1   furnishing such reports.

2       14.    HireRight specializes in furnishing consumer reports for employment

3   purposes, i.e. providing background checks to employers for their use in taking adverse

4   employment action, such as termination, failure to hire, and failure to promote. In fact,

5   according to its website, HireRight provides consumer reports to thousands of employers,

6   including over one third of the Fortune 500 companies.[1]

7   **JURISDICTION AND VENUE**

8       15.    This Court has jurisdiction over Plaintiff's claims based on concurrent

9   jurisdiction under 15 U.S.C. § 1681p.

10       16.    Venue is proper in the County of San Diego because a substantial part of

11   the events giving rise to this claim occurred in this County, and HireRight operates in this

12   County.

13   **STATUTORY BACKGROUND**

14       17.    The FCRA is Congress's effort to ensure that consumer reporting agencies

15   are required to report information in a manner which is "fair and equitable to the

16   consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper

17   utilization of such information." *Id.*

18       18.    To achieve its goals, Congress requires consumer reporting agencies to

19   follow stringent procedures to ensure that whenever criminal history information is

20   reported, it is accurate, complete, and up to date.

21       19.    The accuracy and completeness of the information notwithstanding,

22   Congress has further required employers to provide consumers with notice of their rights

23   under the Act and a copy of their consumer report *prior* to taking any adverse action. This

24   notice is intended to provide applicants with an opportunity to dispute the information

25   reported.

26       20.    Pursuant to 15 U.S.C. § 1681g, consumer reporting agencies are further

27   ─────────────────────────

28   [1] *See* HireRight Homepage, available online at <u>www.hireright.com</u>, last accessed May 10, 2013.

-4-

CLASS ACTION COMPLAINT

1   required, on request, to provide consumers with the *full file* maintained on the consumer

2   by the reporting agency. The "full file" includes "[a]ll information in the consumer's file

3   at the time of the request." 15 U.S.C. § 1681g(a)(1).  The purpose of this requirement is

4   to allow consumers to determine the accuracy of the information set forth in their files and

5   to determine the bases upon which any adverse actions were taken. *See Gillespie v. Trans*

6   *Union Corp.,* 482 F.3d 907 (7th Cir. 2007).

7       21.     In addition, the FCRA also imposes strict regulations prohibiting consumer

8   reporting agencies from reporting obsolete information.  Obsolete information includes

9   any adverse information, other than a conviction for a crime, that antedates the report by

10  more than seven years. 15 U.S.C. § 1681c(a)(2) and (5).

11      22.     Lastly, prior to furnishing a consumer report for employment purposes, the

12  consumer reporting agency must obtain a certification from the user that the user will not

13  use the information disclosed in the consumer report to violate any applicable federal or

14  state equal employment opportunity law or regulation.  15 U.S.C. § 1681b(b)(1)(A)(ii).

15      23.     No consumer reporting agency may furnish a consumer report to any

16  person if it has reasonable grounds for believing that the consumer report will not be used

17  for a purpose permitted under the FCRA.  15 U.S.C. § 1681e(a).

18      24.     HireRight receives the above-described certification from its employer-

19  customers.

20      25.     However, in direct disregard of its statutory obligations and the written

21  certification entered into between the parties, HireRight actively assists employers in

22  violating California equal opportunity employment law and regulation by adjudicating, on

23  behalf of the employer, consumers with expunged convictions as not qualified for

24  employment.

25      26.     Employers are forbidden by Title 2 of the California Code of Regulations

26  §7287.4 and §432.7 of the California Labor Code from inquiring or considering

27  convictions expunged pursuant to Cal. Penal Code § 1203.4 when making hiring

28  decisions.

-5-

27.     Based on HireRight's conduct, Plaintiff asserts FCRA claims on behalf of herself and the three classes defined below (collectively, "Classes").  On behalf of herself and the Classes, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs and all available other appropriate relief.

**a. Restrictions on the Content of Consumer Reports**

28.     The FCRA specifically prohibits consumer reporting agencies that are providing reports for employment purposes from reporting "records of arrest that, from the date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period."  *See* 15 U.S.C. § 1681c(a)(2).

29.     In addition to being specifically forbidden from including antedated arrest information in reports prepared for employment purposes, consumer reporting agencies are further forbidden from reporting "[a]ny other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years." *See* 15 U.S.C. § 1681c(a)(5).

**b. Limitations Imposed on The Provision of Consumer Reports**

30.     The FCRA prohibits consumer reporting agencies from furnishing reports when there are grounds to reasonably believe that the reports will be used for purposes other than those specifically listed in Section 1681b. *See* 15 U.S.C. §1681e(a).

31.     This prohibition requires consumer reporting agencies to refrain from providing reports when there are grounds to reasonably believe an employer will use the report in violation of state law. *See* 15 U.S.C. § 1681b(b)(1)(A)(ii).

32.     California law makes it unlawful for employers to "seek information regarding any applicant concerning... any misdemeanor conviction for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed pursuant to Penal Code § 1203.4[.]" 2 CCR § 7287.4(d)(1)(B).

33.     Read together, 15 U.S.C. §§ 1681b(b)(1)(A)(ii), 1681e(a), and 2 CCR § 7287.4(d)(1)(B) clearly prohibit consumer reporting agencies from including information

-6-

1   regarding charges dismissed pursuant to California Penal Code § 1203.4 in reports
2   provided for employment purposes.

3       34.     Based on this clear statutory framework, many consumer reporting
4   agencies, including some of HireRight's largest competitors, exclude all information
5   about convictions dismissed pursuant to California Penal Code § 1203.4 from reports
6   provided for employment purposes.

7   *c. Requirement of Full File Disclosure to the Subjects of Consumer Reports*

8       35.     The FCRA requires consumer reporting agencies to, upon request, disclose
9   to consumers *all* information in their files. *See* 15 U.S.C. § 1681g(a).

10      **<u>ALLEGATIONS RELATING TO PLAINTIFF WATKINS</u>**

11      36.     In 1999, Plaintiff Blanca Watkins was arrested for "corporal injury,"
12  "battery on a former spouse," and "battery."

13      37.     The charges of "corporal injury" and "battery on a former spouse" never
14  resulted in conviction and were dismissed.  Plaintiff pled guilty to the sole count of
15  misdemeanor "battery."

16      38.     In 2008, Ms. Watkins successfully petitioned the court to vacate her guilty
17  plea and dismiss her conviction pursuant to Cal. Pen. C. § 1203.4.

18      39.     Pursuant to 2 CCR § 7287.4, employers are prohibited from inquiring
19  about or considering information relating to misdemeanor convictions dismissed pursuant
20  to Cal. Pen. C. § 1203.4.

21      40.     In the spring of 2011, Blanca Watkins applied for work at AccentCare, a
22  home healthcare provider located in San Diego, California. Had she been hired, Watkins
23  would have worked approximately forty hours per week and been paid approximately $9
24  per hour.

25      41.     After interviewing Watkins, AccentCare offered her the position.

26      42.     On May 31, 2011, however, Watkins received a letter from AccentCare.
27  The letter informed her that AccentCare was considering withdrawing its offer based on
28  the contents of her consumer report. *See* Exhibit 2.

-7-

43.     Enclosed with the letter Watkins received, was a copy of a portion of the consumer report HireRight furnished to AccentCare, dated May 28, 2011. *See* Exhibit 2.

44.     Despite the fact that Watkins's 1999 charges for "corporal injury" and "battery on former spouse" had been dismissed more than seven years prior to the date of the report, HireRight included information about those two criminal charges in the consumer report it provided to AccentCare.   The report described those charges as "dismissed." *See* Exhibit 2.

45.     HireRight also included the "battery" charge in the consumer report it provided to AccentCare, noting that on "8/12/08 petition for PC 1203.4 was granted and case was dismissed." *Id.*

46.     Based on the adverse information HireRight unlawfully included in the consumer report, AccentCare withdrew the employment offer it had made to Watkins. *See* Exhibit 3.

47.     Thereafter, by letter dated May 23, 2012, Watkins requested her file from HireRight. *See* Exhibit 4.

48.     Among other things, Watkins's May 23, 2012 letter request stated:

> Please provide, pursuant to 15 USC §1681(g)(a)(1) and Cal. Civ. Code Section 1786.10(a), the *full file* maintained regarding my client including any and all documents you relied on in issuing the investigative consumer report(s).

*Id.* (emphasis in original).

49.     On or about June 20, 2012, HireRight responded to Watkins's request, but only sent her a portion of her file. *See* Exhibit 5.

50.     HireRight failed to include in its response *all* information relating to Watkins, as required by 15 U.S.C § 1681g(a)(1).

51.     Namely, HireRight chose to exclude a copy of an email it sent to AccentCare, which stated that Watkins "Does Not Meet Company Standards." *See* Exhibit 6.

52.     HireRight willfully violated 15 U.S.C. § 1681c(a)(2) and (5) by reporting

-8-

1   charges that were dismissed in 1998; willfully violated 15 U.S.C. § 1681b(b)(1)(A)(ii) and

2   1681e(a) by reporting charges that were dismissed pursuant to California Penal Code §

3   1203.4; and willfully violated 15 U.S.C. § 1681g(a) by not disclosing to Watkins its email

4   to AccentCare.

5                    **HIRERIGHT'S ILLEGAL BUSINESS PRACTICES**

6          53.    HireRight tailors its consumer reports based on the requests of its

7   customers and applicable law.  Specifically, HireRight changes the type, depth, and

8   breadth of the information it provides based on the terms of its customer agreements and

9   its understanding of the purpose for which the report is being sought.[2]

10         54.    Unlike its competitors, however, HireRight's practice is to 1) report

11  dismissed charges, antedated by seven years, and for which the statute of limitations has

12  run, and 2) to furnish reports under circumstances where there are reasonable grounds to

13  believe that the report will be used in violation of California law.

14         55.    HireRight's illegal practices persist despite its membership in the National

15  Association of Professional Background Screeners,[3] an organization that instructs its

16  members not to report dismissed charges, antedated by seven years, and for which the

17  statute of limitations has run, and to not furnish reports under circumstances where there

18  are reasonable grounds to believe that the report will be used in violation of state law.[4]

19         56.    HireRight includes information about old dismissed charges in spite of its

20  awareness that the FCRA and state law regulate its ability to do so.  *See* HireRight Blog,

21

22  [2]    *See*    HireRight    "Solutions"    webpage,    available    online    at:
    www.hireright.com/Background-Checks-Overview.aspx?apsi=0, last accessed May 10,
23  2013) ("[HireRight] offer[s] flexible, tailored employment screening solutions,
    encompassing more than 150 different service offerings in more than 200 countries and
24  territories. Our diverse offerings are the result of continuous technological innovation,
    constant customer feedback…").
25  [3] *See* HireRight Fact Sheet, available online at: www.hireright.com/Fact-Sheet.aspx, last
26  accessed May 10, 2013.
    [4]*See, e.g.,* Pamela Q. Devata, et. al., *Safe Screening, Safe Hiring*, HR Advisor,
27  July/August 2009, at 12-18, made available for its clients by NAPBS at
    www.napbs.com/files/public/ConsumerEducation/Resources/HR%20Magazine%20Articl
28  e%208-28-09.pdf (last visited Apr. 29, 2013).

CLASS ACTION COMPLAINT

1  www.hireright.com/blog/2013/01/does-your-background-check-company-comply-with-3-

2  key-provisions-of-the-fcra, last accessed May 15, 2013 (stating, "CRA[s] [are] limited to

3  reporting adverse information for no more than 7 years" and "state laws may limit the

4  information that can be reported by a CRA."). Plaintiff's report further demonstrates

5  HireRight's awareness of the seven year rule. *See* Exhibit 2 (stating "Past 7 Years

6  History").

7       57.   HireRight has also already been sued and has entered into a settlement

8  agreement for similar violations. *See* Exhibits 7 and 8.

9       58.   HireRight's practices regarding the reporting of dismissed charges violate a

10  fundamental protection afforded to employees under the FCRA, are contrary to the

11  unambiguous language of the statutes, and are counter to longstanding judicial and

12  regulatory[5] guidance. *See, e.g., Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir.

13  2009); *see also Serrano v. Sterling Testing Systems, Inc.*, 557 F. Supp. 2d 688 (E.D. Pa.

14  2008).

15       59.   So that people can identify and correct spurious reports, the FCRA requires

16  consumer reporting agencies, upon request, to clearly and accurately disclose to the

17  consumer "[a]*ll* information in the consumer's file…" (emphasis added). *See* 15 U.S.C. §

18  1681g(a)(1).

19       60.   Nevertheless, HireRight's practice is to not disclose to consumers *all*

20  information in their files. Instead, HireRight discloses only some documents to

21  consumers and omits its communications to employers indicating whether or not the

22  consumer meets the employer's hiring criteria.

23       61.   HireRight's practices are all the more egregious given its adjudication

24  service.

---

25  [5] *See, e.g.,* FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC
Staff Report with Summary of Interpretations*, July 2011, at 55,

26  http://www.ftc.gov/os/2011/07/110720fcrareport.pdf (last accessed May 21, 2013) ("Even

27  if no specific adverse item is reported, a CRA may not furnish a consumer report
referencing the existence of adverse information that predates the times set forth in this

28  subsection.").

62.   To explain, in connection with the consumer reports HireRight sells to employers, HireRight also sells an "adjudication" product which purports to render hiring decisions on behalf of employers on the basis of information disclosed in its consumer reports.

63.   Specifically, HireRight's "adjudication" service automatically "judges" the applicant to determine whether the applicant qualifies for employment based on his or her criminal record.

64.   According to HireRight's website, "adjudication" is defined as: "The ability to automate a judgment based on background screening outcome. This judgment often results in 'meets requirements' or 'does not meet requirements' outcome. Once adjudication takes place *automatic* distribution and/or *adverse action* can occur." HireRight's Glossary webpage, available online at: http://www.hireright.com/Background-Check-Terms.aspx, last accessed May 20, 2013 (emphasis added).

65.   Whenever an adjudication is rendered, HireRight's computer systems automatically generate a private email to the employer informing the employer either that the consumer-applicant "meets requirements" or "does not meet requirements."

66.   Upon receipt of this confidential email by the employer, the employer will take adverse action based upon HireRight's recommendations.

67.   After a negative adjudication has been rendered, HireRight will also generate a template email in the employer's letter head purporting to be a "pre-adverse" action notice.

68.   The notice informs the consumer that the employer is intending to take adverse action against the consumer in whole or in part on the basis of the information disclosed in the applicant's consumer report.

69.   Neither a copy of this email or the specific requirements of the employer that formed the basis of the adjudication was ever provided to Plaintiff Watkins.

70.     It is HireRight's standard practice not to include adjudication emails in response to consumers' requests for their files.

71.     It is HireRight's standard practice not to include the criteria on which adjudications are based in response to consumers' requests for their files.

72.     HireRight fails to include adjudication emails and criteria in its responses to consumers' requests for their full files in spite of the National Association of Professional Background Screeners instructing its members to disclose to consumers *all* information in their files, despite purporting to consumers that it will disclose to them *all* information in their files,[6] and despite having already been sued and entered a settlement agreement with the FTC for similar violations. *See* Exhibit 9 and 10.

73.     HireRight's practices with regard to responding to consumers' requests for information in their files violate another fundamental protection afforded to employees under the FCRA, and is also contrary to the unambiguous language of the statute, and longstanding judicial and regulatory guidance.    *See Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012); *see also Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938 (7th Cir. 2007).

74.     By systematically reporting dismissed criminal charges that antedate the report by seven years and for which the statute of limitations has run, HireRight willfully violated 15 U.S.C. § 1681c(a)(2) and (5); by including charges that were dismissed pursuant to California Penal Code § 1203.4 on reports provided for employment purposes, HireRight willfully violated 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a); and by failing to disclose to consumers, upon request, *all* information in their files, HireRight willfully violated 15 U.S.C. § 1681g(a).

## CLASS ACTION ALLEGATIONS

75.     Plaintiff pleads the following claims on behalf of herself and the Classes defined below:

---

[6]     *See*  HireRight  Overview  webpage,  available  online  at: http://www.hireright.com/Consumers-Applicants.aspx, last accessed May 10, 2013.

Claim I:     Reporting adverse information other than records of conviction which antedates the report by more than seven years, 15 U.S.C. § 1681c(a)(2) and (5).

Claim II:    Reporting charges dismissed pursuant to California Penal Code § 1203.4, 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a).

Claim III:   Failing to provide a full copy of a consumer's file upon request, 15 U.S.C. § 1681g(a).

76.     Plaintiff asserts the claims set forth in **Claim I** on behalf of herself and the **Outdated Information Class** defined as follows:

1) All individuals on whom HireRight prepared a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared; and

2) Whose report contains information about dismissed charges where the charges antedate the report by more than seven years, and for which the applicable statute of limitations has run.

77.     Plaintiff asserts the claims set forth in **Claim II** on behalf of herself and the **California 1203.4 Class** defined as follows:

1) All individuals on whom HireRight prepared a consumer report for employment purposes in the two years predating the filing of this Complaint; and

2) Whose report includes information regarding charges that were dismissed pursuant to California Penal Code § 1203.4.

78.     Plaintiff asserts the claims set forth in **Claims III** on behalf of herself and the **Disclosure Class** defined as follows:

1) All individuals on whom HireRight prepared a consumer report for employment purposes in the five years predating the filing of this Complaint;

-13-

CLASS ACTION COMPLAINT

1    and

2        2)  To whom, after being requested, HireRight did not provide a copy of the

3            full file, including all communications from HireRight to the employer.

4      79.    <u>Numerosity</u>:  The Classes are so numerous that joinder of all class

5    members is impracticable.  HireRight regularly furnishes consumer reports for

6    employment purposes and impermissibly includes information about charges that are

7    older than allowed by the FCRA and/or which were dismissed pursuant to California

8    Penal Code § 1203.4. HireRight also regularly receives requests from consumers for their

9    files and regularly fails to provide to such consumers *all* information in their files.

10      80.    <u>Typicality</u>: Plaintiff's claims are typical of the members of the Classes.

11    HireRight furnishes consumer reports for employment purposes and typically includes

12    charges that are older than allowed by the FCRA and/or which were dismissed pursuant to

13    California Penal Code § 1203.4.  HireRight also typically fails to provide to consumers,

14    upon request, *all* information in their files.  The FCRA violations suffered by Plaintiff are

15    typical of those suffered by other class members and HireRight treated Plaintiff consistent

16    with other class members in accordance with its standard policies and practices.

17      81.    <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the

18    Classes, and has retained counsel experienced in complex class action litigation.

19      82.    <u>Commonality</u>: Common questions of law and fact exist as to all members

20    of the Classes and predominate over any questions solely affecting individual members of

21    the Classes, including but not limited to:

22        a.    Whether HireRight furnishes consumer reports for employment

23            purposes;

24        b.    Whether HireRight violated the FCRA by reporting charges which

25            are older than allowed by the FCRA;

26        c.    Whether HireRight violated the FCRA by including charges

27            dismissed pursuant to California Penal Code § 1203.4 on consumer

28            reports procured by employers for employment purposes;

-14-

d.   Whether HireRight violated the FCRA by, upon request, failing to provide *all* information in consumers' files;

e.   Whether HireRight's violations of the FCRA were willful;

f.   The proper measure of statutory damages; and

g.   The proper measure of punitive damages.

83.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant.   Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

84.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The Defendant's conduct described in this Class Action Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.   Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning the Defendant's practices.   Moreover, management of this action as a class action will not present any likely difficulties.   In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

85.   Plaintiff intends to send notice to all members of the Classes to the extent required by Rule 23.   The names and addresses of the class members are available from Defendant's records.

-15-

CLASS ACTION COMPLAINT

## CLAIM I FOR RELIEF
### Reporting Antedated Charges
### (15 U.S.C. § 1681c(a)(2) and (5))
#### *On Behalf of the Outdated Information Class*

86.    In return for money, HireRight furnished consumer reports on Plaintiff and other class members, to third-parties for employment purposes.

87.    The consumer reports included dismissed charges, antedated by more than seven years, and for which the statute of limitations had run.

88.    The foregoing violations were willful.  HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5).  HireRight's willful conduct is reflected by, inter alia, the following:

a.    The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

b.    HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c.    HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d.    HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e.    HireRight informs its clients that it cannot report dismissed charges, antedated by seven years, and for which the statute of limitations has run, yet includes these charges anyway;

f.    HireRight knew or had reason to know its conduct violates the

-16-

FCRA due to previously being sued and having entered into a settlement agreement for similar violations;

g. HireRight's similarly situated competitors have adopted policies of not reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations has run;

h. Despite the pellucid statutory text and there being a depth of guidance, HireRight adopted a policy of systematically reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations had run. By adopting such a policy, HireRight voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

i. HireRight includes a notation on its reporting indicating that the seven year limitation on information is applicable, yet fails to exclude all adverse non-conviction information which antedates the date of the report by more than seven years.

89. Plaintiff and the Outdated Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

90. Plaintiff and the Outdated Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

91. Plaintiff and the Outdated Information Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

**CLAIM II FOR RELIEF**
**Reporting Charges Dismissed Pursuant to California Penal Code § 1203.4**
**(15 U.S.C. §§ 1681b(b)(1)(A)(ii) & 1681e(a))**
***On Behalf of the California 1203.4 Class***

92. In return for money, HireRight furnished consumer reports on Plaintiff and other class members, to third-parties for employment purposes.

-17-

93.     The consumer reports included charges that were dismissed pursuant to California Penal Code § 1203.4.

94.     The foregoing violations were willful.  HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a).  HireRight's willful conduct is reflected by, inter alia, the following:

a.  The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

b.  HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c.  HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d.  HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e.  HireRight informs its clients that it cannot furnish reports under circumstances where there are reasonable grounds to believe that the report will be used in violation of state law;

f.  HireRight knew or had reason to know its conduct violates the FCRA due to previously being sued and having entered into a settlement agreement for similar violations;

g.  HireRight's similarly situated competitors have adopted policies of not reporting charges dismissed pursuant to California Penal Code § 1203.4; and

-18-

h. Despite the pellucid statutory text and there being a depth of guidance, HireRight adopted a policy of systematically reporting charges dismissed pursuant to California Penal Code § 1203.4.  By adopting such a policy, HireRight voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

95.     Plaintiff and the California 1203.4 Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

96.     Plaintiff and the California 1203.4 Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

97.     Plaintiff and the California 1203.4 Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## CLAIM III FOR RELIEF
### Failing to Provide Complete Information
### (15 U.S.C. § 1681g(a))
### *On Behalf of the Disclosure Class*

98.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

99.     In return for money, HireRight furnished consumer reports on Plaintiff and other class members, to third-parties for employment purposes.

100.    Upon request, HireRight failed to disclose to consumers *all* information in their files.

101.    The foregoing violations were willful.  HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681g(a).

102.    HireRight's willful conduct is reflected by, inter alia, the following:

a.      The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

-19-

b.     HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c.     HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d.     HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e.     HireRight purports to consumers that it will disclose to them *all* information in their files;

f.     HireRight knew or had reason to know its conduct violates the FCRA due to previously being sued and having entered into a settlement agreement with the FTC for similar violations;

g.     HireRight's similarly situated competitors have adopted policies of, upon request, disclosing to consumers *all* information in their files; and

h.     Despite the pellucid statutory text and there being a depth of guidance, HireRight adopted a policy of not disclosing to consumers, upon request, *all* information in their files. By adopting this policy, HireRight voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

103.   Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

-20-

104. Plaintiff and the Disclosure Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

105. Plaintiff and the Disclosure Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

106. WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for relief as follows:

    a.   Determining that this action may proceed as a class action under Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure;

    b.   Designating Plaintiff as representative for the Classes and designating Plaintiff's Counsel as counsel for the Classes;

    c.   Issuing proper notice to the Classes at HireRight's expense;

    d.   Declaring that HireRight committed multiple, separate violations of the FCRA;

    e.   Declaring that HireRight acted willfully, in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f.   Awarding statutory and punitive damages as provided by the FCRA;

    g.   Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    h.   Granting further relief, in law or equity, as this Court may deem appropriate and just as provided by the FCRA.

## DEMAND FOR JURY TRIAL

107. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Classes demand a trial by jury.

CLASS ACTION COMPLAINT

1

2  Dated: 5/22/2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

THE LAW OFFICES OF DEVIN H. FOK

By: _____
     Devin H. Fok

ATTORNEY FOR INDIVIDUAL AND
REPRESENTATIVE PLAINTIFF

-22-

CLASS ACTION COMPLAINT