Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Spencer Hoyt,<br>individually, on behalf of other similarly situated individuals, and on behalf of the general public,<br><br>       Plaintiff,<br><br>v.<br><br>HireRight, Inc.,<br><br>       Defendant. | Case No.:3:13-cv-01432-BAS-BLM |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is made and entered into, by and among Plaintiff Spencer Hoyt ("Named Plaintiff"), on behalf of himself and the members of the Settlement Class defined below (collectively, "Class Members"), and HireRight, Inc. ("HireRight" or "Defendant").

## RECITALS

WHEREAS, on or about May 24, 2013, Blanca Watkins filed a lawsuit styled *Blanca Watkins, individually, on behalf of other similarly situated individuals, and on behalf of the general public v. HireRight, Inc.*, Case No.: 37-2013-00050017-CU-OE-CTL, in the San Diego County Superior Court;

WHEREAS, on or about June 19, 2013, Defendant removed the case to the United States District Court for the Southern District of California, where it was assigned Case No. 3:13-cv-01432;

WHEREAS, on or about March 19, 2014, Blanca Watkins filed an Amended Class Action Complaint, adding Named Plaintiff Spencer Hoyt;

WHEREAS, on or about September 19, 2014, Blanca Watkins's individual claims were dismissed with prejudice from the Litigation as she had reached an individual settlement with Defendant but the putative class claims asserted on behalf of Plaintiff Hoyt remained in the litigation;

WHEREAS, Named Plaintiff Hoyt has asserted a cause of action against Defendant on behalf of a putative class based on alleged violations of the Fair Credit Reporting Act ("FCRA") relating to Defendant's alleged failure to provide full copies of consumers' files upon request under 15 U.S.C. § 1681g(a);

WHEREAS, Named Plaintiff and Defendant mediated the claims alleged in the Litigation with mediator Mark Rudy on November 10, 2014, through arms-length negotiations;

WHEREAS, on November 10, 2014, the parties reached a compromise in principle of the Litigation on a class basis, contingent upon the negotiation and execution by the parties of a final agreement that is approved by the Court, which was subsequently memorialized in a term sheet signed by Class Counsel and Defense Counsel;

WHEREAS, Defendant denies that it has engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Litigation, denies that the claims asserted by the Named Plaintiff are suitable for class treatment other than for settlement purposes, denies that it has any liability whatsoever, but has agreed to this Settlement Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations;

WHEREAS, all counsel who have represented Named Plaintiff and the Settlement Class defined below in connection with the Litigation are aware that Defendant has defenses to the

2

Named Plaintiff's allegations and causes of action upon which it might prevail, and that as a result, the Named Plaintiff and the Settlement Class might not receive any benefit or consideration for the claims that have been asserted in the Litigation;

WHEREAS, based upon their analysis and evaluation of a number of factors, Class Counsel recognize the substantial risks of continued litigation and delays, including the possibility that the claims in the Litigation, if not settled, might not result in any recovery whatsoever for the Settlement Class;

WHEREAS, Class Counsel have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted in the Litigation, including discovery relating to the claims in this case, as well as Defendant's policies and procedures surrounding file disclosures and the scope and identity of the Settlement Class, and have concluded, taking into account the benefits of this Settlement, as defined below, and the risks and delays of further litigation, that this Settlement is fair and reasonable and in the best interests of the Settlement Class;

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Litigation and effect a compromise (the "Settlement");

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Litigation shall be settled, compromised, and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## DEFINITIONS

1. "Action" or "Litigation" means this action, *Hoyt v. HireRight, Inc.*, Case No. 3:13-cv-01432 (S.D. Cal.).

3

2.      "Attorneys' Fees and Expenses Amount" means the amount of attorneys' fees and customary, reasonable, and documented out-of-pocket expenses incurred by Class Counsel in the Litigation, to be paid by or for Defendant or its insurer(s) separately from the Settlement Fund, if approved by the Court, in an amount not to exceed $655,000 in attorneys' fees and $60,000 in expenses.

3.      "Agreement" means this Settlement Agreement and Release.

4.      "Claim Forms" means the forms included with the Class Notices and used by the Settlement Class to make a claim for monetary damages from the Settlement Fund.

5.      "Claims Deadline" means the deadline to be established by the Court (to be no more than sixty (60) days after the mailing of Class Notices) for Settlement Class Members to return properly completed Claim Forms to the Settlement Administrator.

6.      "Class Counsel" means the law firms of Nichols Kaster, PLLP and Law Offices of Devin H. Fok.

7.      Class Member means an individual who is a member of the Settlement Class, regardless of the Class Member's Claim Category.

8.      "Class Notices" means the forms attached hereto as Exhibit A – Two-Year Claim Category Notice and Claim Form, Exhibit B – Two-Year Available Request Type Claim Category Notice and Claim Form, and Exhibit C – Five-Year Claim Category Notice and Claim Form.

9.      "Class Representative" or "Named Plaintiff" means Spencer Hoyt.

10.     "Court" means the United States District Court for the Southern District of California.

11.     "Defendant" means HireRight, Inc.

4

12.    "Defense Counsel" means Littler Mendelson, P.C.

13.    "Effective Date" means the date on which the Settlement Agreement shall become effective and be deemed final, which will occur ten (10) days after all appellate rights with respect to the Final Approval Order have expired or have been exhausted in such a manner as to affirm the Final Approval Order and when no further appeals are possible, including review by the United States Supreme Court.

14.    "Final Approval Order" means the Court's order granting final approval of this Settlement, substantially in the same form as attached hereto as Exhibit D.

15.    "Incentive Award" means the amount of $10,000 to be paid by or for Defendant or its insurer(s) separately from the Settlement Fund, if approved by the Court, to the Named Plaintiff as consideration for his action as a Named Plaintiff in the Litigation and as consideration for the general release he is giving Defendant.

16.    "Injunctive Relief Order" means the Court's order attached hereto as Exhibit E.

17.    "Objection Deadline" is the deadline established by the Court (no more than sixty (60) days after the mailing of the Class Notices) for the members of the Settlement Class to file an objection to the Settlement with the Court.

18.    "Exclusion Request Deadline" is the deadline established by the Court (no more than sixty (60) days after the mailing of the Class Notices) for the Settlement Class Members to request exclusion from the Settlement Class.

19.    "Pending Unrelated Claims" are legal claims for which *all* of the following are true: (1) the claims have been pled in a complaint that was filed in court before November 10, 2014; (2) the claims do not relate to HireRight's file disclosure policies, practices or procedures; (3) the claims do not relate to the question of whether an Adjudication Notification Email is a

5

consumer report; (4) the claims do not relate to the question of whether an Adjudication Notification Email is part of the consumer's file; and (5) the claims do not arise under 15 U.S.C. § 1681g, or state, local equivalents. Pending Unrelated Claims only means claims which have been alleged in the operative complaint before November 10, 2014. Pending Unrelated Claims do not include claims which are added by amendment after November 10, 2014.

20.     "Preliminary Approval Order" means the Court's order preliminarily approving this Settlement, substantially in the same form as attached hereto as Exhibit F.

21.     "Released Parties" means HireRight and its subsidiaries, affiliates, parents, employees, directors, officers, agents, insurers, and customers.

22.     "Settlement Administration Costs" means the costs incurred by the Settlement Administrator, which are not to exceed $400,000 and will be paid by or for Defendant or its insurer(s) separately from the Settlement Fund.

23.     "Settlement Administrator" means Dahl Administration, an independent third party who was selected by Class counsel and defense counsel after a competitive bidding process, and who will administer the Settlement.

24.     "Settlement Class" means the following:

> All individuals for whom HireRight's records indicate that the individual made a request for information from the consumer's file from May 23, 2008 through the date of preliminary approval.
>
> Specifically, the Settlement Class consists only of individuals for whom *all* of the following are true as of the date on which the Class List is generated:
>
> (a)     The individual's name appears in in HireRight's SalesForce.com case records in the "Applicant Name" field;
>
> (b)     A record associated with the individual contains a date in the "Date/Time Opened" field in HireRight's SalesForce.com database from May 23, 2008 to the date of preliminary approval of the Settlement;
>
> (c)     The record associated with the individual described in (b) is such that

6

(i) the "caserecordtype" field in HireRight's SalesForce.com database is "Request"; and/or

(ii) "Copy of Report Requested" appears in any of the following fields: "Reason for contact #1," "Reason for Contact #2," or "Reason for Contact #3"; and

(d) the fields "Consumer's Street Address," and "Consumer's City, State and Zip" in HireRight's SalesForce.com database are not blank.

25. "Settlement Class Member Releasing Parties" means all Settlement Class Members, their respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees.

26. "Settlement Fund" means the fund of $460,000 paid by or for Defendant or its insurer(s) and available to Settlement Class Members.

27. "Settlement Website" means a website established and maintained by the Settlement Administrator which shall include copies of the Class Notices, printable versions of the Claim Forms, important information regarding deadlines, and copies of relevant Court documents, including the Settlement Agreement and Exhibits thereto, the Motion for Preliminary Settlement Approval, the Preliminary Settlement Approval Order, Class Counsel's Motion for Attorney Fees and a Class Representative Incentive Award, the Motion for Final Settlement Approval, and the Final Approval Order.

## THE SETTLEMENT CLASS AND ADMINISTRATION

28. The Class Members defined above are eligible for injunctive and monetary benefits.

29. The Class Members may receive monetary benefits if they return within the Claims Deadline a properly completed Claim Form (attached as Exhibits A, B, and C) along with

7

any required documentation. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Settlement Class Members will receive notice, and will be able to request exclusion from the Settlement Class.

30.     Composition of the Settlement Class shall be based exclusively upon Defendant's records according to the parameters set forth with respect to the definitions included herein. Defendant represents, based on its review of its records and responses to discovery, that the total expected number of members of the Settlement Class is 243,000.

31.     With respect to Claims Categories, the Settlement Class breaks down in the following manner: the expected number of Two-Year Available Request Type Claim Category Members is 35,000; the expected number of Two-Year Claim Category Members is 135,000; and the expected number of Five-Year Claim Category Members is 73,000.

32.     The parties shall, with their forthcoming Joint Motion for Preliminary Approval of the Proposed Settlement, jointly move the Court for certification of the Settlement Class defined above, pursuant to Fed. R. Civ. P. 23.  Defendant's agreement to so move is for settlement purposes only.

33.     The parties have agreed that Dahl Administration will administer the Settlement as the Settlement Administrator.     The Settlement Administrator shall be an independent contractor, and not the agent of any party or any party's counsel. All fees and expenses charged by the Settlement Administrator shall be paid directly by or for Defendant or its insurer(s) separately from the Settlement Fund.

## THE PRELIMINARY APPROVAL ORDER

34.     As soon as practicable after the execution of this Settlement Agreement, the parties shall jointly present this Settlement Agreement to the Court and jointly request by motion that the Court enter the Preliminary Approval Order (Exhibit F).

8

## NOTICE

35.     The Settlement Website shall be activated on or before the Class Notices are mailed and shall include copies of the Settlement Agreement with separately identified attachments, relevant pleadings including the operative complaint, the Preliminary Approval Order, a printable Claim Form, and a toll-free telephone number that members of the Settlement Class can call if they have any questions about the Settlement. The website will be updated to include Class Counsel's petition for the Attorneys Fees and Expenses Amount when same is filed, which shall be at least one week prior to the Exclusion and Objection Deadlines. The content of such website beyond the description in this paragraph will be subject to mutual agreement of the parties.

36.     Within fourteen (14) days of entry of the Preliminary Approval Order, HireRight will identify members of the Settlement Class from its records and provide same to the Settlement Administrator, to be maintained by the Settlement Administrator in inviolate confidence. The records to be provided shall include the Class Member's name, last known mailing address, and the last four digits of the Social Security number for each Class Member. The records shall also identify which Claim Categories the individual is in, so that the Settlement Administrator can determine what Notices to send to each Class Member, and also which claims process, if any, shall apply to that Class Member.

37.     All Class Member addresses will be run by the Settlement Administrator through the National Change of Address database and other database(s) commonly used by the Settlement Administrator to update them before the Class Notices are sent. Duplicate individuals will be eliminated based on matches of identical name, date of birth, and last four digits of the

individual's Social Security number. Within fourteen (14) days of entry of the Preliminary Approval Order Defendant shall provide a list to the Settlement Administrator including the name, last known address, and last four digits of the class members' social security numbers. The list shall also indicate, for each class member, of which of the Claim Categories of the Settlement Class the individual is a member. This list shall be held in inviolate confidence by the Settlement Administrator.

38.    Within twenty-one (21) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall mail the appropriate Class Notices by U.S. mail to each Class Member. Any Class Member who is in more than one Claim Category shall receive the form of notice appropriate for all Claims Categories of which the Class Member is a member and shall be eligible to make an appropriate claim for each Category, as described in the Class Notices.

39.    Once Class Notice is mailed to Class Members, no further notice shall be required, except that (1) for any notice returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall mail the notice to the forwarding address; and (2) if a Class Member contacts the Settlement Administrator or Class Counsel to request notice, the Settlement Administrator shall comply with such a request; and (3) additional notice will be provided if required by the Court.

40.    Not later than ten (10) days after the parties have presented this Settlement Agreement to the Court, Defendant (through the Settlement Administrator) will serve upon the appropriate state official of each state in which a Class Member resides and the United States Attorney General, a notice of the proposed settlement, in accordance with 28 U.S.C. § 1715.

10

Defendant shall provide a copy of this notice to Class Counsel, and shall file with the Court a notice of compliance with 28 U.S.C. § 1715.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

41. Any Settlement Class Member, other than the Named Plaintiff, shall have the right to request exclusion from the Settlement Class. On or before the Exclusion Request Deadline established by the Court, each Class Member electing to request exclusion from the Settlement Class must send by first class mail written notice addressed to the Settlement Administrator, indicating his or her name and address and that he or she desires to be excluded from the Settlement. Class Members who do not timely (as measured by the postmark on such Class Member's written notice) request exclusion from the Settlement Class by written notice correctly directed and containing the requisite information shall remain members of the Settlement Class and shall be bound by any order(s) of the Court regarding those Classes and/or the Settlement. The Settlement Administrator shall provide copies of any requests for exclusion to Class Counsel and Defense Counsel within three days of receipt of the same by the Settlement Administrator.

42. Any Class Member who wishes to object to the Settlement Agreement must file a written statement of objection with the Court and mail a copy to the Settlement Administrator, filed and postmarked no later than sixty (60) days following the mailing of the Class Notices. The notice of objection must state the factual and legal basis for the objection. Such objection must contain the name, address, telephone number, and email address of the Class Member making the objection, and be personally signed by the Class Member. If the Class Member making the objection is represented by counsel, the objection shall so state, and shall contain the name, address, telephone number, and email address for counsel for the objecting Class Member.

The objection must be sent by mail to the Settlement Administrator and must be timely postmarked as set forth above. The postmark date of the mailing envelope shall be the exclusive means used to determine whether an objection has been timely submitted. The Settlement Administrator shall promptly upon receipt provide the parties by fax or email with copies of all objections. Members of the Settlement Class who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from seeking review or making any objection (whether by appeal or otherwise) to the Settlement or the terms of the Agreement.

## MONETARY BENEFITS TO THE SETTLEMENT CLASS AND CLAIM PROCEDURES

43.    The Settlement Fund shall be comprised of four hundred and sixty thousand dollars ($460,000), which shall be considered a common fund.

44.    As soon as practicable after the Effective Date, but in no event longer than three (3) days thereafter, Defendant or its insurer(s) shall contribute or cause to be contributed by wire transfer to the Settlement Administrator the amount of the Settlement Fund (i.e., $460,000).

45.    The Settlement Fund shall be distributed *pro rata* payable by check, to Class Members who timely return properly-completed Claim Forms. Individual payouts will be capped at $200.00. The checks may include the following memo "HireRight Class Action Settlement Payment."

46.    In order to streamline settlement administration and to ensure that the claims process is as minimally burdensome as possible in light of HireRight's existing records, Class Members have been divided into three separate Claims Categories, each with an appropriate Claim Form:

**"Two-Year Claim Category".**  All individuals in the Settlement Class for whom HireRight's records indicate that the individual requested information from the individual's file in the two years preceding the filing of the Complaint in this matter through the date of preliminary approval, but for whom HireRight's SalesForce.com database does not show requested his or her "full file," all reports or reports for the last three years. Specifically, the Two-Year Claim Category means only those individuals for whom a record associated with the individual has a date in the "Date/Time Opened" field in HireRight's SalesForce.com database from May 23, 2011 to the date of preliminary approval of the Settlement, and for whom either there is no "Request Case Record Object" field pertaining to "Report Date Range" in HireRight's SalesForce.com database, or for whom the field exists but does not indicate "all reports," "full file" or "The last 3 years."

**"Two-Year Available Request Type Claim Category".**  All individuals in the Settlement Class for whom HireRight's SalesForce.com records indicate that the individual requested his or her full file, all reports, or reports from a three-year period of time in the two years preceding the filing of the Complaint in this matter through the date of Preliminary Approval.  Specifically, the Two-Year Available Request Type Claim Category means individuals who would have been in the Two-Year Claim Category except that the "Request Case Record Object" field pertaining to "Report Date Range" in HireRight's SalesForce.com database for them indicates "all reports," "full file" or "the last 3 years."

**"Five-Year Claim Category".**  All individuals in the Settlement Class who **do not** meet the criteria for either the Two-Year Claim Category or the Two-Year Available Request Type Claim Category.

47.     Each Class Member who wishes to file a claim for payment under the Settlement Agreement must complete and submit to the Settlement Administrator the completed Claim Form(s) (Exhibits A, B, and C) which correspond(s) with the Class Member's Claim Category(ies).

48.     Completed Claim Forms must be postmarked no later than sixty (60) days after the mailing of the Class Notices, or for Claim Forms bearing a missing or illegible postmark,

must be received by the Settlement Administrator no later than seven (7) days after such date. Any Class Member who fails to postmark a completed Claim Form by such date, or as to whom a Claim Form bearing a missing or illegible postmark is not received by the Settlement Administrator within seven (7) days following such date, shall be barred from receiving any payment in connection with the Settlement, but will in all other respects be bound by the terms of the Settlement, including with respect to the release, waivers, and covenants described herein.

49.     The Settlement Administrator shall review all complete and timely-mailed Claim Forms to determine whether the claims on such Claim Forms qualify for inclusion in the Settlement and to determine the amount of payment to be disbursed pursuant to the Settlement to each Class Member submitting a timely Claim Form. If a Claim Form is deficient for any reason other than that it is untimely (for example, if it is incomplete or inaccurate), the Settlement Administrator shall mail the Class Member submitting such Claim Form a notice of deficient claim, and such Class Member shall have fourteen (14) days from the postmark date of such mailing to cure such deficiency by mailing to the Settlement Administrator a complete and correct Claim Form. The Settlement Administrator shall maintain the Claim Forms in inviolate confidence but shall share summary data regarding the number of claims received with Defense Counsel and Class Counsel on at least a weekly basis. If any Class Member disputes whether his or her form is accurate or complete, or whether the Class Member adequately cured any deficiency, the parties shall both have access to the Claim Form, and shall work to resolve any such disagreements.

50.     All payments to Class Members pursuant to this Settlement Agreement shall be made by check and delivered by first class mail, postmarked within fourteen (14) days of the Effective Date, to each Class Member determined by the Settlement Administrator to have

14

timely submitted a properly-completed Claim Form, and to be otherwise eligible for payment from the Settlement Fund, to the address designated for such Class Member by the Settlement Administrator. The Settlement Administrator shall include with such check a Form 1099 for any Class Member as to whom such form is required; Defendant shall provide the Settlement Administrator the full Social Security number data that it possesses for such Class Members, to be used for the purpose of tax reporting only. Such checks shall expire one hundred and fifty (150) days after they are issued, and shall so indicate on their face. Defendant and its insurer(s) shall have no further obligations to any Class Member upon the mailing of such payment. In the event any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendant nor the Settlement Administrator shall have any further obligations to such Class Member except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; and (2) if a Class Member contacts the Settlement Administrator or Class Counsel to request a replacement check, the Settlement Administrator shall cancel the initial check and issuing a replacement.    However, the replacement check shall expire on the same date as the original check.

51.    Any funds associated with undeliverable checks, returned checks, uncashed checks or non-negotiated checks connected to this Settlement Agreement (including but not limited to the payments in Paragraph 50), shall return to the Settlement Fund for disposition pursuant to the terms of this Settlement Agreement. The parties agree that all members of the Settlement Class waive and abandon any ownership interest in such undeliverable, returned, uncashed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, and/or non-negotiated checks.

15

52.     Any amounts remaining in the Settlement Fund after the expiration date for all checks issued as distributions of settlement proceeds, as well as any amounts not claimed due to the individual capped amount, will be used to reimburse Defendant for Settlement Administration Costs, with any remainder above that amount to be transferred to the parties' agreed-upon *cy pres* recipient, the National Endowment for Financial Education, within thirty (30) days from the expiration date for all checks issued distributing settlement proceeds.

## CONDITIONS FOR VOIDING SETTLEMENT

53.     In the event that 250 or more Settlement Class Members elect to request exclusion from the Settlement, HireRight shall have the right, in its sole discretion, to void the Settlement in its entirety.

54.     In the event that the Settlement Class ends up being more or less than 245,000 members by more than 3% either way, the parties agree to meet and confer to discuss the possibility of adjusting the monetary relief for the Class, and either party may decline the Settlement.

55.     In the event Defendant's insurer(s) decline to fund the Settlement, Defendant can elect to decline settlement.

## FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

56.     The parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter the Final Approval Order (Exhibit D).

57.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Approval Order shall issue, prior to ninety (90) days after completion by or for Defendant of the notice requirement in 28 U.S.C. § 1715.

16

58.     Because Class Counsel will necessarily present the Settlement to the Court as fair and reasonable, Class Counsel shall take no action inconsistent with so presenting the Settlement, including representing any party in this litigation with interests adverse to preliminary or final approval of the Settlement, or which could present the appearance of any conflict.  As of the date of this Settlement Agreement, Class Counsel and Plaintiff's counsel, A New Way of Life Reentry Project, certify under penalty of perjury to Defendant and the Court that they do not represent and are not soliciting any individuals for the purpose of pursuing a class or mass action against HireRight and/or its affiliates, parents, employees, directors, officers, agents, insurers, and customers.  The Court retains jurisdiction to enforce this provision as appropriate.

59.     The parties agree that the intent of this Settlement Agreement is that all claims in the Litigation will be dismissed with prejudice, subject to the release provisions below, within ten (10) days after the Effective Date, and further agree that each party will take all actions necessary to accomplish that objective.

60.     No member of the Settlement Class shall be entitled to contest in any way the approval of the terms and conditions of this Settlement Agreement or the Final Approval Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement.  Any Class Member who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement.  Any Class Member who fails to timely request exclusion from the Settlement Class in accordance with Paragraph 41 of this Settlement Agreement shall be bound by the terms of this Settlement.

61.     In the event the Court or any other court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Approval Order, as defined below, or holds that the Final Approval Order should be modified in any material way, then (a) the parties may jointly agree to accept the Settlement Agreement as judicially modified; or (b) if all parties do not jointly agree to accept the Settlement Agreement as judicially modified, any party may appeal such ruling or may rescind the Agreement, render this Settlement Agreement null and void, and resume the Litigation. If any such appeal is filed and the Settlement Agreement and Final Judgment and Order or its equivalent in all material respects are not in effect after the termination of all proceedings arising out of such appeal, then unless the parties jointly agree otherwise, this Settlement Agreement shall become null and void, and the parties will thereafter jointly request that they be returned to their respective positions as of November 10, 2014, and that the case proceed. In the event this Settlement Agreement becomes null and void, the Named Plaintiff and Defendant shall each be responsible for half of any settlement administration costs incurred by that date.

## INJUNCTIVE RELIEF TO THE SETTLEMENT CLASS

62.     Plaintiff pursued this Litigation to address Defendant's practices related to its responses to consumer disclosure requests pursuant to the FCRA's consumer disclosure provision 15 U.S.C. § 1681g. Specifically, Plaintiff asserted that the system-generated emails Defendant sends to its customers (employers) informing them of whether the consumer meets or does not meet the customer's hiring criteria[1] also known as "Adjudication Notification Emails," should have been included in Defendant's responses to consumer disclosure requests where the consumer making the request was the subject of an Adjudication Notification Email. In arguing

---

[1] Determined by HireRight through a process called "adjudication" whereby HireRight compares the results of a consumer's background report against the employer's hiring criteria.

18

that these emails should have been included in Defendant's consumer disclosure request responses, Plaintiff asserted that the emails contain "information in the consumer's file at the time of the request" that was not otherwise communicated to the consumer. 15 U.S.C. § 1681g(a)(1). This information not otherwise communicated to the consumer is: (1) the existence of an Adjudication Notification Email; (2) the party to whom the Adjudication Notification Email was sent; and (3) the result of the adjudication (i.e., "meets company standards" or "does not meet company standards").

63. As a part of this Settlement, Defendant agrees to prospective relief for all of the Settlement Class in order to address the practices detailed in paragraph in the operative Complaint.

64. Specifically, the parties jointly agree to the relief described and contained in the Injunctive Relief Order and all terms and provisions of that Order are adopted and incorporated as material terms of this Agreement.

## ATTORNEYS' FEES AND EXPENSES AND
## INCENTIVE AWARD TO CLASS REPRESENTATIVE

65. Defendant understands that the Named Plaintiff intends to seek an order from the Court awarding to Class Counsel attorneys' fees and customary, reasonable and documented out-of-pocket expenses incurred by Class Counsel in the Litigation to be paid by or for Defendant or its insurer(s) separately from the Settlement Fund, in the Attorneys Fees and Expenses Amount (not to exceed $655,000 in fees and $60,000 in costs). Named Plaintiff's motion shall be filed and posted on the Settlement Website, along with supporting documentation, on or before forty-five (45) days from the date the Class Notices are mailed, which shall be on or before fifteen (15) days prior to the Exclusion Request Deadline and also fifteen (15) days prior for the deadline by which Class Members must postmark an objection, if any. Defendant agrees not to oppose

19

Named Plaintiff's motion to the Court for approval of an award of the Attorneys Fees and Expenses Amount. Named Plaintiff agrees that he will not seek, by motion to the Court or otherwise, attorneys' fees or litigation expenses in excess of, in addition to, or beyond the Attorneys Fees and Expenses Amount. Payment of the Attorneys Fees and Expenses Amount, or any lesser amount awarded by the Court, shall be made by wire transfer to an account designated by Class Counsel within seven (7) days after the last of (i) the Effective Date, (ii) the order of the Court awarding the Attorneys Fees and Expenses Amount or any lesser amount, pursuant to this paragraph, and (iii) Class Counsel's provision to Defendant and the Settlement Administrator of the requisite wire transfer instructions. Defendant and its insurer(s) shall have no other payment obligations owed to Class Counsel relating to this case for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose incurred. Should the Court award less than the Attorneys Fees and Expenses Amount, the difference will revert to the Settlement Fund and shall inure to the benefit of the Settlement Class.

66.     Defendant further understands that Named Plaintiff intends to seek an order from the Court awarding an Incentive Award of $10,000, to be paid by or for Defendant or its insurer(s) separately from the Settlement Fund, as consideration for his acting as a Named Plaintiff in the Litigation, and as consideration for the general release he is giving Defendant pursuant to Paragraph 75 of this Settlement Agreement. Defendant agrees not to oppose Named Plaintiff's motion to the Court for approval of an award of this amount. Named Plaintiff shall not receive more than the requested $10,000 payment plus his *pro rata* share of the Settlement, if any, as described in Paragraph 50 below. Defendant and its insurer(s) shall have no other payment obligations owed to the Named Plaintiff for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose allegedly incurred.

20

67.     The parties additionally agree that Settlement Administration Costs shall be capped at $400,000, and will be paid to the Settlement Administrator by or for Defendant or its insurer(s) separately from the Settlement Fund.  Defendant and its insurer(s) are obligated to fund costs up to the capped amount, but if the costs are less than that amount, are obligated only to fund that lesser amount.

## PAYMENT AND DISTRIBUTION

## THE RELEASE AND COVENANT NOT TO SUE

68.     On the Effective Date of this Settlement Agreement, for the Settlement Class benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settlement Class Member Releasing Parties fully and forever release, acquit, and discharge the Released Parties[2], collectively, separately, individually and severally, from: (1) any and all individual FCRA and state and local equivalent and derivative claims for statutory damages, equitable relief, actual damages and/or punitive damages for claims arising pursuant to 15 U.S.C. § 1681g and/or 1681b (where the sole basis for the claim under § 1681b stems from the Released Parties' failure to include an Adjudication Notification Email or other system-generated email), state, and local law equivalents; (2) any FCRA, state or local equivalent violation claims based on the theory that Adjudication Notification Emails or other system-generated emails are "consumer reports" or part of the "file;" and (3) any and all class action, collective action and mass action claims for any and all FCRA, state, local and equivalent violations including but not limited to 15 U.S.C. § 1681g and 1681b (where the sole basis for the

---

[2] Class Members only release Defendant's customers for claims under FCRA Section 604 and state, local equivalents based upon theory that Adjudication Notification Emails or other system-generated emails are "consumer reports").

claim under § 1681b stems from the Released Parties' failure to include an Adjudication Notification Email or other system-generated email).

69.     The released claims described above are collectively the "Class Member Released Claims."

70.     The Settlement Class Release does not affect and Settlement Class Members shall retain the right bring individual claims for actual and/or punitive damages and/or equitable relief under any section of the FCRA other than § 1681g and 1681b (where the sole basis for the claim under § 1681b stems from the Released Parties' failure to include an Adjudication Notification Email or other system-generated email), and state and local equivalents.

71.     The Settlement Class Release shall also not release any Pending Unrelated Claims.

72.     For purposes of this agreement, if a Pending Unrelated Claim was pled on behalf of a putative class before November 10, 2014, to the extent any of the putative Class Members' Pending Unrelated Claims are later certified for treatment on a class basis, the Pending Unrelated Claim of the members of the certified class shall not be released by this Settlement Agreement. Nothing in this paragraph in way whatsoever directly or indirectly restricts Defendant's right to contest on any other ground any putative class action, motion to certify a class action or order granting or affirming class certification.

73.     It is expressly intended and understood by the parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims.

74.     No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action, whatsoever, including any mass action under the Class Action Fairness Act or otherwise.

75.     On the Effective Date of this Settlement Agreement, for the Named Plaintiff benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Named Plaintiff on behalf of himself, his agents, insurers, representatives, attorneys, assignees, heirs, executors, vendors, administrators will release and forever discharge the Released Parties, to the fullest extent permitted by law, from any and all claims Named Plaintiff has or may claim to have by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date on which the parties file a motion for Preliminary Approval, including both known and unknown and suspected and unsuspected claims and causes of action in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in this case. The Released Parties will discharge the Named Plaintiff and his agents, insurers, representatives, attorneys, assignees, heirs, executors, vendors, and administrators from any and all claims arising out of facts known to Defendant as of the date on which the parties file a motion for Preliminary Approval.

76.     Without limiting the foregoing, the Class Member Released Claims released pursuant to this Settlement specifically extend to all claims and potential claims that members of the Settlement Class do not know or suspect to exist in their favor as of or prior to the Effective Date. The parties, and all members of the Settlement Class, agree that this paragraph constitutes a waiver of California Civil Code section 1542 and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. California Civil Code section 1542 provides:

23

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each member of the Settlement Class understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. The parties acknowledge (and all members of the Settlement Class by operation of law shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

77. The Releases described above in Paragraphs 68-76 shall be self-executing as of the Effective Date.

## NO ADMISSION OF LIABILITY

78. HireRight denies Named Plaintiff's allegations, denies that the Litigation is suitable for class treatment under any circumstances other than settlement, and further denies liability to the Named Plaintiff or to any other person who may be similarly situated, including all members of the Settlement Class. It is specifically agreed that the execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by HireRight, an admission that HireRight violated any provision of any federal or state law, or an admission that HireRight concedes that class treatment of the Litigation is appropriate under any circumstances other than settlement. HireRight considers it desirable that this action and the claims alleged therein be settled upon the terms and conditions set forth in this Settlement Agreement in order to avoid further expense and burdensome, protracted litigation,

24

and to put to rest the Class Member Released Claims and Named Plaintiff Released Claims described herein.

## CONFIDENTIALITY

79.     The parties agree that Class Counsel and the Named Plaintiff will at no time issue or cause to be issued or comment on or contribute to any press releases or equivalent about the Settlement, but that, after the Settlement is preliminarily approved, Class Counsel may post on their website a mutually agreeable statement that the case has settled and shall also include a link to the mutually agreed upon settlement administration website.

## CHOICE OF LAW

80.     This Settlement Agreement and its exhibits shall be governed by the laws of the State of California without regard to application of the choice of law rules of any jurisdiction. So long as this Settlement Agreement is valid and enforceable under the laws of the State of California, the parties agree that no statutory or common law of any other state shall be used to invalidate or render unenforceable any part of this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

81.     The failure of any party to exercise any rights hereunder shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

82.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be

necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

83.     The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

84.     None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

85.     This Settlement Agreement and exhibits hereto constitutes the full and entire agreement among the parties with regard to the subject matter hereof, and supersedes all prior representations, agreements, promises, or warranties, written, or oral or otherwise, made by any party.  No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in this Settlement Agreement. This Settlement Agreement shall not be modified in any respect except by a writing executed by and among the parties. Each party has undertaken its own investigation of the relevant facts and law and has concluded that this Settlement Agreement is in the best interests of that party.  No party has relied on any representation made by any other party in deciding whether to enter into this Settlement Agreement.

86.     Each party hereto warrants and represents to the other that the party signing this Settlement Agreement on behalf of the respective parties is duly authorized to sign this Settlement Agreement and that this Settlement Agreement is binding and enforceable as to each of the respective parties.

87.     This Settlement Agreement may be executed in separate counterparts without each party signing the same, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument, and each such counterpart shall constitute one and the same agreement; provided, however, this Settlement Agreement shall not be binding until it has been executed by everyone for whom a signature line has been provided. This Settlement Agreement shall become effective upon the Effective Date.

88.     This Agreement may be executed by signature delivered by facsimile or PDF, and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court.

89.     As agents for the receipt of communications among the parties relating to this Settlement Agreement, Plaintiff appoints E. Michelle Drake, Nichols Kaster, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, and Defendant appoints Rod Fliegel, Littler Mendelson, P.C. 650 California Street, 20th Floor, San Francisco, CA 94108. Any communication made in connection with this Settlement Agreement shall be deemed to have been served when sent by overnight delivery or registered or certified mail postage prepaid, or delivered in person at the addresses designated in this paragraph.

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____                    Date: 1/26/15
Spencer Hoyt

HireRight, Inc.                                      Date:

By:     _____

Title:  _____


COUNSEL FOR PLAINTIFF

By:     _____        Date:
        E. Michelle Drake
        NICHOLS KASTER, PLLP
        80 South Eighth Street, 4600 IDS Center
        Minneapolis, MN 55402
        Telephone: (612) 256-3200

        _____        Date:
        Devin H. Fok
        THE LAW OFFICES OF DEVIN H. FOK
        P.O. Box 7165
        Alhambra, CA 91802
        Telephone: (310) 430-9933

        _____        Date:
        Joshua E. Kim
        A NEW WAY OF LIFE REENTRY PROJECT
        958 E 108th Street
        Los Angeles, CA 90059
        Telephone: (323) 563-3575

COUNSEL FOR DEFENDANT

By:     _____        Date:
        Rod Fliegel
        Littler Mendelson, P.C.
        650 California Street, 20th Floor
        San Francisco, CA 94108
        Telephone: (415) 439-6235

28

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____          Date:
Spencer Hoyt

HireRight, Inc.                                        Date:

By:    _____

Title: _____


COUNSEL FOR PLAINTIFF

By:    _E. Michell Drake_                              Date: 1/30/15
       E. Michelle Drake
       NICHOLS KASTER, PLLP
       80 South Eighth Street, 4600 IDS Center
       Minneapolis, MN 55402
       Telephone: (612) 256-3200


       _____          Date:
       Devin H. Fok
       THE LAW OFFICES OF DEVIN H. FOK
       P.O. Box 7165
       Alhambra, CA 91802
       Telephone: (310) 430-9933


       _____          Date:
       Joshua E. Kim
       A NEW WAY OF LIFE REENTRY PROJECT
       9512 South Central Avenue
       Los Angeles, CA 90002
       Telephone: (323) 563-3575

COUNSEL FOR DEFENDANT

By:    _____          Date:
       Rod Fliegel
       Littler Mendelson, P.C.
       650 California Street, 20th Floor
       San Francisco, CA 94108
       Telephone: (415) 439-6235

28

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____     Date:

Spencer Hoyt

HireRight, Inc.                     Date:

By:  _____

Title:  _____


COUNSEL FOR PLAINTIFF

By:  _____     Date:

     E. Michelle Drake
     NICHOLS KASTER, PLLP
     80 South Eighth Street, 4600 IDS Center
     Minneapolis, MN 55402
     Telephone: (612) 256-3200

     _____     Date: Jan 26, 2015

     Devin H. Fok
     THE LAW OFFICES OF DEVIN H. FOK
     P.O. Box 7165
     Alhambra, CA 91802
     Telephone: (310) 430-9933

     _____     Date: Jan 26, 2015

     Joshua E. Kim
     A NEW WAY OF LIFE REENTRY PROJECT
     9512 South Central Avenue
     Los Angeles, CA 90002
     Telephone: (323) 563-3575


COUNSEL FOR DEFENDANT

By:  _____     Date:

     Rod Fliegel
     Littler Mendelson, P.C.
     650 California Street, 20th Floor
     San Francisco, CA 94108
     Telephone: (415) 439-6235

28

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____     Date:
Spencer Hoyt

HireRight, Inc.                      Date:  /-27-2015

By:  _____

Title:  _____


COUNSEL FOR PLAINTIFF

By:  _____     Date:
     E. Michelle Drake
     NICHOLS KASTER, PLLP
     80 South Eighth Street, 4600 IDS Center
     Minneapolis, MN 55402
     Telephone: (612) 256-3200


     _____     Date:
     Devin H. Fok
     THE LAW OFFICES OF DEVIN H. FOK
     P.O. Box 7165
     Alhambra, CA 91802
     Telephone: (310) 430-9933


     _____     Date:
     Joshua E. Kim
     A NEW WAY OF LIFE REENTRY PROJECT
     9512 South Central Avenue
     Los Angeles, CA 90002
     Telephone: (323) 563-3575

COUNSEL FOR DEFENDANT

By:  _____     Date: /-28- 2015
     Rod Fliegel
     Littler Mendelson, P.C.
     650 California Street, 20th Floor
     San Francisco, CA 94108
     Telephone: (415) 439-6235

28

EXHIBIT A

**United States District Court, Southern District of California**

*Watkins & Hoyt v. HireRight, Inc.*
**Case No. 3:13-cv-01432-BAS-BLM**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**\*\*\*\*This notice may affect your rights. Read it carefully.\*\*\*\***

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that HireRight, Inc. ("HireRight") violated the Fair Credit Reporting Act ("FCRA").

- HireRight denies that it violated the law in any fashion whatsoever.  The two sides disagree as to whether HireRight's conduct was permitted under the FCRA, whether HireRight would be liable under the FCRA with respect to that conduct, and if so, the extent of any such liability.  The parties have agreed to resolve the lawsuit against HireRight through a settlement.

- There is one proposed settlement class which is broken into three claims categories. The settlement class and each of the claims categories are defined in detail within this Notice.  In all cases, membership in the settlement class and claims categories will be determined based upon HireRight's records.

- You may be eligible to receive benefits from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you wish to receive benefits under the settlement, you need to return the enclosed Claim Form(s) with any required documentation by [DATE].  If you are a member of one than one claims category, a separate claim form has been enclosed for each category.  You must complete the appropriate claim form for each claim category of which you are member in order to be eligible for monetary benefits under that claim category. |
| **Do Nothing** | If you do not return the Claim Form(s), you will receive no monetary recovery and will lose your right to sue HireRight in the future. |
| **Exclude Yourself** | Get no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action against HireRight about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

# TABLE OF CONTENTS

Basic Information .................................................................................................................... 3

1.      Why did I get this notice? ................................................................................ 3

2.      What is the lawsuit about? ............................................................................... 3

3.      Why is this case a class action? ...................................................................... 4

4.      Why is there a settlement? ............................................................................... 4

Who Is In The Settlement .................................................................................................... 4

5.      How do I know if I am part of the settlement? ............................................... 4

The Settlement Benefits ....................................................................................................... 4

6.      What does the settlement provide? .................................................................. 4

7.      How can I get a benefit? .................................................................................. 5

8.      When would I get my benefit? ......................................................................... 5

9.      What am I giving up to get a benefit or stay in the class? ............................... 5

10.    How do I get out of the settlement? ................................................................. 6

11.    If I don't exclude myself, can I sue HireRight for the same thing later? ....... 6

12.    If I exclude myself, can I get benefits from this settlement? .......................... 6

The Lawyers Representing You ........................................................................................... 6

13.    Do I have a lawyer in this case? ..................................................................... 6

14.    How will the lawyers be paid? ........................................................................ 7

Objecting To The Settlement .............................................................................................. 7

15.    How do I tell the Court that I don't like the settlement? ................................ 7

16.    What's the difference between objecting and excluding? ............................... 7

17.    Where and when will the Court decide whether to approve the settlement? .. 7

18.    Do I have to come to the hearing? .................................................................. 8

19.    May I speak at the hearing? ............................................................................ 8

Getting More Information .................................................................................................... 8

20.    Are there more details about the settlement? ................................................. 8

21.    How do I get more information? ...................................................................... 8

| Basic Information |
| :---: |

## 1. Why did I get this notice?

You are receiving this Notice because, based on HireRight's records, you have been determined to be a member of the settlement class.  The Settlement Class includes: all individuals for whom HireRight's records indicate that the person made a request for information from their consumer file from May 23, 2008 to [DATE OF PRELIM APPROVAL].  Class Membership is based on parameters in HireRight's databases which can be viewed at [WEBSITE]).  For purposes of processing claims in this case, the Settlement Class has been divided into three claims categories:

> **Two Year Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made on or after May 23, 2011 and for whom HireRight's records do not indicate the scope of the request.

> **Two Year Available Request Type Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made on or after May 23, 2011 and that the request was for "all reports," "full file," or "the last 3 years."

> **Five Year Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made between May 23, 2008 and May 23, 2011.

Composition of the Settlement Class and claims categories in all cases is based upon HireRight's records.

This Notice has been sent to you because members of the Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, and after objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  A full copy of the Settlement Agreement may be reviewed at the Settlement Website: WEBSITE.  This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of California, and the case is known as *Watkins, et al. v. HireRight, Inc.*, Case No. 3:13cv1432-BAS-BLM.  The person who filed this lawsuit is called the Plaintiff, and HireRight is the Defendant.

## 2. What is the lawsuit about?

Plaintiff has alleged that HireRight violated the FCRA by failing to provide full copies of consumers' files upon request.  Specifically, Plaintiff alleges that HireRight excluded certain email communications it had with employers from its responses to consumer requests.  Based on these allegations, Plaintiff seeks statutory damages.

HireRight disputes Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class.  In the lawsuit, HireRight has denied Plaintiff's allegations and has raised a number of defenses to the claims asserted.

No court has found HireRight to have violated the law in any way.  No court has found that the Plaintiff could recover any certain amount in this litigation.

Although the Court has authorized Notice to be given of the proposed settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

## 3.  Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, representative plaintiffs ("class representatives") seek to assert claims on behalf of all members of a class or classes of similarly situated people.  In a class action, people with similar claims are treated alike.  The court is guardian of the class's interests and supervises the prosecution of the class claims by counsel for the class or classes to assure that the representation is adequate.  Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

## 4.  Why is there a settlement?

The Court did not decide this case in favor of Plaintiff or in favor of HireRight.  Instead, Counsel for the Plaintiff investigated the facts and applicable law regarding Plaintiff's claims against HireRight and HireRight's defenses.  The parties engaged in lengthy and arms-length negotiations to reach this settlement.  Plaintiff and Counsel believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the class.

Both sides agree that, by settling, HireRight is not admitting any liability or that it did anything wrong.  Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is In The Settlement

## 5.  How do I know if I am part of the settlement?

HireRight's records indicate you are a member of the Settlement Class.  The enclosed claim form indicates which claims categories you are a member of.  If you are not certain as to which claims categories you are a member of, you may contact the Settlement Administrator to find out.  In all cases, the question of class membership will be determined based on HireRight's records.

## The Settlement Benefits—What You Get

## 6.  What does the settlement provide?

If you are a member of the Settlement Class, you may receive benefits under the settlement.

Through this settlement, HireRight will contribute $460,000 to the settlement fund to be distributed to members of the class who return timely and properly completed claim forms, and any required documentation.  The amount distributed to any individual claimant will depend on the number of claims submitted.  Individual payments will be capped at $200.00.  Payments will be made by check to participating members of the Settlement Class.

If any settlement funds remain after all checks have been distributed, and after all administrative costs have been paid, any remaining amounts will be distributed to the parties' designated *cy pres* organization, the National Endowment for Financial Education.

HireRight is also providing injunctive relief under the settlement.  Plaintiff's allegations regarding HireRight's failure to provide full files to consumers upon request relate specifically to HireRight's practice of not including its "Adjudication Notification Emails" in its responses to consumers' file requests.  Adjudication Notification Emails are the emails HireRight sends to its customers (employers) informing them of whether the consumer meets or does

4

not meet the customer's hiring criteria.  As a part of the settlement, HireRight agrees to address this practice by including information about the Adjudication Notification Emails on its reports.  For a full description of this injunctive relief, review the Injunctive Relief Order posted on the Settlement Website (URL).

**7.  How can I get a benefit?**

The procedure to qualify and receive a monetary benefit differs depending on which claims categories you are a member of.

If you are a member of the Two Year Available Request Type Claim Category, you need to return the postcard Claim Form that was mailed to you, postmarked on or before DATE.  The completed Claim Form must include your current name, former name (if any), address, telephone number, e-mail address (if applicable), and the last four digits of your social security number.  It must also include your certification under penalty of perjury that all information on the Claim Form is true and correct.  You may send the postcard Claim Form to the Settlement Administrator within an envelope if you prefer.  If so, you will need to supply postage.

If you are a member of the Two Year Claim Category, you also need to return the Claim Form enclosed with this Notice, properly completed, postmarked on or before [DATE].  You must also include the Required Documentation of either a copy of the request that you made to HireRight for a copy of your full file, or a signed affidavit attesting that you made such a request to HireRight at any point between May 23, 2011 and [DATE OF PRELIM APPROVAL].  You should send these items, along with your Claim Form, to the Settlement Administrator in the enclosed business reply envelope.

If you are a member of the Five Year Claim Category, you must also return the enclosed Claim Form, properly completed, postmarked on or before [DATE].  You must also include the Required Documentation of: (1) either a copy of the request that you made to HireRight for a copy of your full file or a signed affidavit attesting that you made such a request to HireRight at any point between May 23, 2008 and [DATE OF PRELIM APPROVAL], **and** (2) a signed Affidavit of Discovery attesting that you were not aware, prior to May 23, 2011, of HireRight's alleged violation of the FCRA for failing to provide Adjudication Notification Emails in response to consumer information requests.  You should send these items, along with your Claim Form, to the Settlement Administrator in the enclosed business reply envelope.

If you are a member of more than one claims category, a claim form will be enclosed for each of the claims category of which you are a member.  In order to be eligible to receive monetary benefits for each category, you must complete and return each claim form (along with the required documentation).

Your interest as a member of the Settlement Class will be represented by Plaintiff and Class Counsel.  You will be bound by any judgment arising from the settlement.  If the settlement is approved, and you timely return the Claim Form, and any required documentation, the Settlement Administrator will send you any monies that you are entitled to under the settlement.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

**8.  When would I get my benefit?**

The Court will hold a Fairness Hearing at TIME on DATE in the United States District Court for the Southern District of California, 221 W Broadway, San Diego, CA 92101, to decide whether to approve the settlement.  If the settlement is approved, there may be appeals.  Payments to members of the Settlement Class will be made only if the settlement is finally approved.  This may take some time, so please be patient.

**9.  What am I giving up to get a benefit or stay in the class?**

Upon the Court's approval of the settlement, all members of the Settlement Class who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release HireRight (and all Released Parties as specified in the Settlement Agreement) from any and all individual FCRA and state and local equivalent and derivative claims for all statutory damages, any form of equitable relief, any claims for actual damages and/or punitive damages and/or equitable relief for claims arising pursuant to 15 U.S.C. § 1681g, state, and local law equivalents, any FCRA, state, or local equivalent violation claims based on the theory that email communications generated through HireRight computer systems are "consumer reports" or part of the "file"; and all class action, collective action, and mass action, claims for FCRA, state, local and equivalent violations.  This release may affect your rights, and may carry obligations, in the future.  To view the full terms of this release, which are contained in the Settlement Agreement, please visit WEBSITE.

## 10.  How do I get out of the settlement?

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuits.  You will retain any claims against HireRight you might have.  To request exclusion, send a letter which includes: (i) your name, address, telephone number; and (ii) a statement that you desire to be excluded from the settlement.  **Your request for exclusion must be sent by first class mail, postmarked on or before DATE**, addressed to:

ADMINISTRATOR
ADDRESS
ADDRESS

**If the request is not postmarked on or before DATE, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court.

## 11.  If I don't exclude myself, can I sue HireRight for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue HireRight for the claims that this settlement resolves, even if you do not file a claim form.  If you have a pending lawsuit, speak to your lawyer in that case immediately.

## 12.  If I exclude myself, can I get benefits from this settlement?

No.  If you exclude yourself, you are not part of the settlement.

## The Lawyers Representing You

## 13.  Do I have a lawyer in this case?

The Court has appointed Spencer Hoyt as Class Representative.  The Court has appointed Nichols Kaster, PLLP, the Law Offices of Devin H. Fok, and A New Way of Life Reentry Project as Counsel for the Settlement Class.  Lead Counsel is:

E. Michelle Drake
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
1-877-448-0492

Class Counsel represents the interests of the Settlement Class.  You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 14. How will the lawyers be paid?

Counsel for Settlement Class intend to apply to the Court for an award of attorneys' fees, in an amount not to exceed $655,000, plus documented, customary out-of-pocket expenses incurred during the case not to exceed $60,000.  The Court may award less.  Counsel for the Settlement Class also will seek compensation for Plaintiff in an amount not to exceed $10,000.  In both cases, these amounts will be paid separately from the settlement fund by HireRight.

## Objecting To The Settlement

## 15. How do I tell the Court that I don't like the settlement?

You can object to any aspect of the proposed settlement by filing and serving a written objection.  Your written objection must include: (1) your name, address, telephone number, and email address; (2) the factual basis and legal grounds for the objection to the settlement; and (3) be personally signed by you.  If you are represented by counsel, your objection must also state that information and contain the name, address, telephone number, and email address for your counsel.

**You must file any objection via U.S. mail with the Settlement Administrator postmarked by DATE.**

ADMINISTRATOR
ADDRESS
ADDRESS

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the settlement.  Excluding yourself is telling the Court that you don't want to be part of the settlement.  If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

## 17. Where and when will the Court decide whether to approve the settlement?

There will be a Fairness Hearing to consider approval of the proposed settlement at TIME on DATE at the United States District Court for the Southern District of California, 221 W Broadway, San Diego, CA 92101.  The hearing may be postponed to a later date without further notice, but any such delay will be noted on the settlement website at [WEBSITE].  The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by Plaintiff and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Counsel's application for an award of attorneys' fees and expenses and Plaintiff's compensation.

You will be represented at the Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel.  The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

**18.   Do I have to come to the hearing?**

No.   Counsel for the Settlement Class will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense.   If you send any objection, you do not have to come to Court to talk about it.   As long as you filed and mailed your written objection on time, the Court will consider it.   You may also pay your own lawyer to attend, if you wish.

**19.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.   To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.   You cannot speak at the hearing if you excluded yourself.

**Getting More Information**

**20.   Are there more details about the settlement?**

This Notice is only a summary.   For a more detailed statement of the matters involved in the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Southern District of California, File: *Watkins, et al. v. HireRight, Inc.*, Case No. 3:13cv1432-BAS-BLM.   The full Settlement Agreement and certain pleadings filed in the case are available at WEBSITE or can be requested, in writing, from the Settlement Administrator, identified in Paragraph 10 above.

**21.   How do I get more information?**

You can visit WEBSITE or contact the Settlement Administrator, identified in Paragraph 10 above.   **Please do not contact the Court for information.**

***Watkins & Hoyt v. HireRight, Inc.***, **Case No. 3:13cv1432-BAS-BLM**
**United States District Court for the Southern District of California**

HireRight's records indicate you are a member of the **Settlement Class** in this case, which includes all individuals for whom HireRight's records indicate that the individual made a request for information from their consumer file from May 23, 2008 to [DATE of PRELIM APPROVAL].

For purposes of processing claims, the Settlement Class is divided into three groups.   You are in the following group:

 X  **Two Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and for whom HIreRight's records do not indicate the scope of the request.

___  **Two Year Available Request Type Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and that the request was for "all reports," "full file" or "The last 3 years."

___   **Five Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made between May 23, 2008 and May 22, 2011

## CLAIM FORM INSTRUCTIONS

In order to receive a payment you must complete ***all*** of the following steps on or before [DATE]:

1.  Complete the Claim Form & Release on the back of this page.  You must include the last four digits of your social security number, any former names, and your telephone number.

2.  Sign and date the Claim Form & Release.

3.  Provide documentation that you made a request for your "full file," "all reports," or "reports in the last three years" to HireRight between May 23, 2011 and DATE OF PRELIM APPROVAL.   This documentation can be in one of the following forms:

    (a) A copy of the written request that was sent to HireRight; or

    (b) A written affidavit or declaration signed by you stating that you made such a request to HireRight during the time period of May 23, 2011 to DATE OF PRELIM APPROVAL.  A draft declaration is available at [website].

5.  Mail the Claim Form & Release, along with the Required Documentation (either a copy of the request or an affidavit) in the provided business reply envelope.  The envelope must be postmarked on or before DATE.

PLEASE NOTE:  If you are in more than one Claim Category, a separate claim form will be enclosed for each Claim Category of which you are a member.   You must complete the claim form for *each* Claim Category in order to be eligible to receive monetary benefits for that Claim Category.

---

**TWO YEAR CLASS**

**CLAIM FORM AND RELEASE**

---

ADMIN BARCODE                                          Indicate any Name/Address Changes:

CLAIM No.
FIRST LAST                                             _____
ADDRESS
ADDRESS                                                _____

                                                       _____


**Provide the following information**:

Social Security Number (Last 4 digits ONLY):  XXX-XX- ___ ___ ___ ___

Former Names (if any): _____

Telephone Number: ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___

Email Address: _____


**Read the following and sign below**:

The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that he or she will receive.


Signature:_____          Date:_____


<u>IN ORDER TO RECEIVE MONETARY COMPENSATION YOU MUST ENCLOSE THE REQUIRED DOCUMENTATION SPECIFIED IN INSTRUCTION #3 WITH YOUR COMPLETED CLAIM FORM.</u>

EXHIBIT B

# COURT ORDERED

# NOTICE

## Blanca Watkins & Spencer Hoyt
v.

## HireRight, Inc.

### Class Action

### Notice & Claim Form Inside

### Claim Filing Deadline:

*Watkins, et al. v. HireRight, Inc.*
C/O ADMINISTRATOR
PO BOX xxx
MINNEAPOLIS MN 55403-0614

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#__



Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

---

Carefully separate at perforation.

**Claim Form & Release**                    *Watkins, et al. v. HireRight, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
Case No.3:13cv1432-BAS-BLM

Claim #: ‹‹ 123456789››                    Name/Address Changes:

‹‹First1›› ‹‹Last1››
‹‹Addr1››
‹‹Addr2››
‹‹City››, ‹‹St›› ‹‹Zip›› ‹‹Country››

IF YOU MOVE, send your CHANGE OF ADDRESS to ADMINISTRATOR at PO Box ####, Minneapolis MN 55403.
**To Receive a Payment You Must Enter All Requested Information,**
**Sign And Mail This Claim Form Postmarked On Or Before DATE**
Enter the last four digits of your Social Security number and any Former Names:

Social Security Number (Last Four Digits <u>ONLY</u>):  XXX-XX- _____   _____   _____   _____

Former Names (if any): _____
The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person or entity has a claim to any settlement monies that he or she will receive.

Signature:_____   Home Telephone: _____

Date: _____   Email Address: _____

A settlement has been reached in a class action lawsuit claiming statutory damages from HireRight, Inc. for alleged violations of the Fair Credit Reporting Act. Plaintiff claims that HireRight failed to provide full copies of consumers' files upon request because HireRight did not disclose some of its communications with its customers. HireRight vigorously denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses of continuing the case. This Notice is only a summary. Go to [WEBSITE] to review the full Notice of Proposed Class Settlement.

**Am I a Class Member?**  HireRight's records indicate you are a member of the **Settlement Class**, which includes all individuals for whom HireRight's records indicate that the person made a request for information from their consumer file from May 23, 2008 to [DATE of PRELIM APPROVAL] and for whom HireRight has contact information. The precise class definition is defined based on parameters in HireRight's database, and can be viewed on the [WEBSITE]. For purposes of processing claims, the Settlement class is divided into three groups.  You are in the following group.

_____ **Two Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and for whom HireRight's records do not indicate the scope of the request.

_X_ **Two Year Available Request Type Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and that the request was for "all reports," "full file" or "The last 3 years."

___ **Five Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made between May 23, 2008 and May 22, 2011.

**What Can I Get?**  HireRight has agreed to change its reporting policies to include information about its communications with its customers in its consumer reports. HireRight has also agreed to a settlement fund of $460,000.  If the Court approves the settlement, you may receive a payment of approximately $___ if you file a claim form.  However, the amount of your payment will depend on the number of claims filed.

**How Do I Get a Payment?**  To get a payment, you must submit a timely and properly completed claim form signed under penalty of perjury by DATE. To exclude yourself and keep any rights you may have to sue HireRight over the legal issues in this lawsuit, write the settlement administrator by DATE. If you do not exclude yourself, you may object to the proposed settlement. To do so, you must file a written objection with the Court by DATE.

**Who Represents Me?** The Court appointed lawyers from Nichols Kaster, PLLP and The Law Office of Devin H. Fok as Class Counsel. They will seek to be paid legal fees of up $655,000 and costs of $60,000 separate from the settlement fund. You may also hire and pay for a lawyer at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at TIME on DATE at the United States Courthouse, 221 W Broadway, San Diego, CA 92101.

**How Do I Get More Information?** For more information, visit WEBSITE, or contact the settlement administrator at TELEPHONE or via mail at ADMINISTRATOR, PO Box ####, Minneapolis, MN #####-####.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 4    FARIBAULT, MN

POSTAGE WILL BE PAID BY ADDRESSEE

**WATKINS, et al.V HIRERIGHT SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-9803**

EXHIBIT C

**United States District Court, Southern District of California**

*Watkins & Hoyt v. HireRight, Inc.*
**Case No. 3:13-cv-01432-BAS-BLM**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**\*\*\*\*This notice may affect your rights. Read it carefully.\*\*\*\***

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that HireRight, Inc. ("HireRight") violated the Fair Credit Reporting Act ("FCRA").

- HireRight denies that it violated the law in any fashion whatsoever.  The two sides disagree as to whether HireRight's conduct was permitted under the FCRA, whether HireRight would be liable under the FCRA with respect to that conduct, and if so, the extent of any such liability.  The parties have agreed to resolve the lawsuit against HireRight through a settlement.

- There is one proposed settlement class which is broken into three claims categories. The settlement class and each of the claims categories are defined in detail within this Notice.  In all cases, membership in the settlement class and claims categories will be determined based upon HireRight's records.

- You may be eligible to receive benefits from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you wish to receive benefits under the settlement, you need to return the enclosed Claim Form(s) with any required documentation by [DATE].  If you are a member of one than one claims category, a separate claim form has been enclosed for each category.  You must complete the appropriate claim form for each claim category of which you are member in order to be eligible for monetary benefits under that claim category. |
| **Do Nothing** | If you do not return the Claim Form(s), you will receive no monetary recovery and will lose your right to sue HireRight in the future. |
| **Exclude Yourself** | Get no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action against HireRight about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

# TABLE OF CONTENTS

Basic Information ................................................................................................................. 3

1.      Why did I get this notice? .................................................................................... 3

2.      What is the lawsuit about? ................................................................................... 3

3.      Why is this case a class action? .......................................................................... 4

4.      Why is there a settlement? ................................................................................... 4

Who Is In The Settlement ................................................................................................... 4

5.      How do I know if I am part of the settlement? ................................................... 4

The Settlement Benefits ...................................................................................................... 4

6.      What does the settlement provide? ...................................................................... 4

7.      How can I get a benefit? ...................................................................................... 5

8.      When would I get my benefit? ............................................................................. 5

9.      What am I giving up to get a benefit or stay in the class? .................................. 5

10.     How do I get out of the settlement? ..................................................................... 6

11.     If I don't exclude myself, can I sue HireRight for the same thing later? ............ 6

12.     If I exclude myself, can I get benefits from this settlement? .............................. 6

The Lawyers Representing You .......................................................................................... 6

13.     Do I have a lawyer in this case? .......................................................................... 6

14.     How will the lawyers be paid? ............................................................................ 7

Objecting To The Settlement .............................................................................................. 7

15.     How do I tell the Court that I don't like the settlement? ..................................... 7

16.     What's the difference between objecting and excluding? .................................... 7

17.     Where and when will the Court decide whether to approve the settlement? ....... 7

18.     Do I have to come to the hearing? ....................................................................... 8

19.     May I speak at the hearing? ................................................................................. 8

Getting More Information ................................................................................................... 8

20.     Are there more details about the settlement? ...................................................... 8

21.     How do I get more information? .......................................................................... 8

| Basic Information |
|---|

| **1. Why did I get this notice?** |
|---|

You are receiving this Notice because, based on HireRight's records, you have been determined to be a member of the settlement class.  The Settlement Class includes: all individuals for whom HireRight's records indicate that the person made a request for information from their consumer file from May 23, 2008 to [DATE OF PRELIM APPROVAL].   Class Membership is based on parameters in HireRight's databases which can be viewed at [WEBSITE]).   For purposes of processing claims in this case, the Settlement Class has been divided into three claims categories:

> **Two Year Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made on or after May 23, 2011 and for whom HireRight's records do not indicate the scope of the request.

> **Two Year Available Request Type Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made on or after May 23, 2011 and that the request was for "all reports," "full file," or "the last 3 years."

> **Five Year Claims Category.**  All individuals in the Settlement Class for whom HireRight's records indicate that the request was made between May 23, 2008 and May 23, 2011.

Composition of the Settlement Class and claims categories in all cases is based upon HireRight's records.

This Notice has been sent to you because members of the Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, and after objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  A full copy of the Settlement Agreement may be reviewed at the Settlement Website: WEBSITE.  This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of California, and the case is known as *Watkins, et al. v. HireRight, Inc.*, Case No. 3:13cv1432-BAS-BLM.  The person who filed this lawsuit is called the Plaintiff, and HireRight is the Defendant.

| **2.  What is the lawsuit about?** |
|---|

Plaintiff has alleged that HireRight violated the FCRA by failing to provide full copies of consumers' files upon request.  Specifically, Plaintiff alleges that HireRight excluded certain email communications it had with employers from its responses to consumer requests.  Based on these allegations, Plaintiff seeks statutory damages.

HireRight disputes Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class.  In the lawsuit, HireRight has denied Plaintiff's allegations and has raised a number of defenses to the claims asserted.

No court has found HireRight to have violated the law in any way.  No court has found that the Plaintiff could recover any certain amount in this litigation.

Although the Court has authorized Notice to be given of the proposed settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

### 3.  Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, representative plaintiffs ("class representatives") seek to assert claims on behalf of all members of a class or classes of similarly situated people.  In a class action, people with similar claims are treated alike.  The court is guardian of the class's interests and supervises the prosecution of the class claims by counsel for the class or classes to assure that the representation is adequate.  Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

### 4.  Why is there a settlement?

The Court did not decide this case in favor of Plaintiff or in favor of HireRight.  Instead, Counsel for the Plaintiff investigated the facts and applicable law regarding Plaintiff's claims against HireRight and HireRight's defenses.  The parties engaged in lengthy and arms-length negotiations to reach this settlement.  Plaintiff and Counsel believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the class.

Both sides agree that, by settling, HireRight is not admitting any liability or that it did anything wrong.  Both sides want to avoid the uncertainties and expense of further litigation.

### Who Is In The Settlement

### 5.  How do I know if I am part of the settlement?

HireRight's records indicate you are a member of the Settlement Class.  The enclosed claim form indicates which claims categories you are a member of.  If you are not certain as to which claims categories you are a member of, you may contact the Settlement Administrator to find out.  In all cases, the question of class membership will be determined based on HireRight's records.

### The Settlement Benefits—What You Get

### 6.  What does the settlement provide?

If you are a member of the Settlement Class, you may receive benefits under the settlement.

Through this settlement, HireRight will contribute $460,000 to the settlement fund to be distributed to members of the class who return timely and properly completed claim forms, and any required documentation.  The amount distributed to any individual claimant will depend on the number of claims submitted.  Individual payments will be capped at $200.00.  Payments will be made by check to participating members of the Settlement Class.

If any settlement funds remain after all checks have been distributed, and after all administrative costs have been paid, any remaining amounts will be distributed to the parties' designated *cy pres* organization, the National Endowment for Financial Education.

HireRight is also providing injunctive relief under the settlement.  Plaintiff's allegations regarding HireRight's failure to provide full files to consumers upon request relate specifically to HireRight's practice of not including its "Adjudication Notification Emails" in its responses to consumers' file requests.  Adjudication Notification Emails are the emails HireRight sends to its customers (employers) informing them of whether the consumer meets or does

4

not meet the customer's hiring criteria.  As a part of the settlement, HireRight agrees to address this practice by including information about the Adjudication Notification Emails on its reports.  For a full description of this injunctive relief, review the Injunctive Relief Order posted on the Settlement Website (URL).

## 7.  How can I get a benefit?

The procedure to qualify and receive a monetary benefit differs depending on which claims categories you are a member of.

If you are a member of the Two Year Available Request Type Claim Category, you need to return the postcard Claim Form that was mailed to you, postmarked on or before DATE.  The completed Claim Form must include your current name, former name (if any), address, telephone number, e-mail address (if applicable), and the last four digits of your social security number.  It must also include your certification under penalty of perjury that all information on the Claim Form is true and correct.  You may send the postcard Claim Form to the Settlement Administrator within an envelope if you prefer.  If so, you will need to supply postage.

If you are a member of the Two Year Claim Category, you also need to return the Claim Form enclosed with this Notice, properly completed, postmarked on or before [DATE].  You must also include the Required Documentation of either a copy of the request that you made to HireRight for a copy of your full file, or a signed affidavit attesting that you made such a request to HireRight at any point between May 23, 2011 and [DATE OF PRELIM APPROVAL].  You should send these items, along with your Claim Form, to the Settlement Administrator in the enclosed business reply envelope.

If you are a member of the Five Year Claim Category, you must also return the enclosed Claim Form, properly completed, postmarked on or before [DATE].  You must also include the Required Documentation of: (1) either a copy of the request that you made to HireRight for a copy of your full file or a signed affidavit attesting that you made such a request to HireRight at any point between May 23, 2008 and [DATE OF PRELIM APPROVAL], **and** (2) a signed Affidavit of Discovery attesting that you were not aware, prior to May 23, 2011, of HireRight's alleged violation of the FCRA for failing to provide Adjudication Notification Emails in response to consumer information requests.  You should send these items, along with your Claim Form, to the Settlement Administrator in the enclosed business reply envelope.

If you are a member of more than one claims category, a claim form will be enclosed for each of the claims category of which you are a member.  In order to be eligible to receive monetary benefits for each category, you must complete and return each claim form (along with the required documentation).

Your interest as a member of the Settlement Class will be represented by Plaintiff and Class Counsel.  You will be bound by any judgment arising from the settlement.  If the settlement is approved, and you timely return the Claim Form, and any required documentation, the Settlement Administrator will send you any monies that you are entitled to under the settlement.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

## 8.  When would I get my benefit?

The Court will hold a Fairness Hearing at TIME on DATE in the United States District Court for the Southern District of California, 221 W Broadway, San Diego, CA 92101, to decide whether to approve the settlement.  If the settlement is approved, there may be appeals.  Payments to members of the Settlement Class will be made only if the settlement is finally approved.  This may take some time, so please be patient.

## 9.  What am I giving up to get a benefit or stay in the class?

Upon the Court's approval of the settlement, all members of the Settlement Class who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release HireRight (and all Released Parties as specified in the Settlement Agreement) from any and all individual FCRA and state and local equivalent and derivative claims for all statutory damages, any form of equitable relief, any claims for actual damages and/or punitive damages and/or equitable relief for claims arising pursuant to 15 U.S.C. § 1681g, state, and local law equivalents, any FCRA, state, or local equivalent violation claims based on the theory that email communications generated through HireRight computer systems are "consumer reports" or part of the "file"; and all class action, collective action, and mass action, claims for FCRA, state, local and equivalent violations.  This release may affect your rights, and may carry obligations, in the future.  To view the full terms of this release, which are contained in the Settlement Agreement, please visit WEBSITE.

## 10.  How do I get out of the settlement?

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuits.  You will retain any claims against HireRight you might have.  To request exclusion, send a letter which includes: (i) your name, address, telephone number; and (ii) a statement that you desire to be excluded from the settlement.  **Your request for exclusion must be sent by first class mail, postmarked on or before DATE**, addressed to:

ADMINISTRATOR
ADDRESS
ADDRESS

**If the request is not postmarked on or before DATE, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court.

## 11.  If I don't exclude myself, can I sue HireRight for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue HireRight for the claims that this settlement resolves, even if you do not file a claim form.  If you have a pending lawsuit, speak to your lawyer in that case immediately.

## 12.  If I exclude myself, can I get benefits from this settlement?

No.  If you exclude yourself, you are not part of the settlement.

## The Lawyers Representing You

## 13.  Do I have a lawyer in this case?

The Court has appointed Spencer Hoyt as Class Representative.  The Court has appointed Nichols Kaster, PLLP, the Law Offices of Devin H. Fok, and A New Way of Life Reentry Project as Counsel for the Settlement Class.  Lead Counsel is:

E. Michelle Drake
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
1-877-448-0492

Class Counsel represents the interests of the Settlement Class.  You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 14.  How will the lawyers be paid?

Counsel for Settlement Class intend to apply to the Court for an award of attorneys' fees, in an amount not to exceed $655,000, plus documented, customary out-of-pocket expenses incurred during the case not to exceed $60,000.  The Court may award less.  Counsel for the Settlement Class also will seek compensation for Plaintiff in an amount not to exceed $10,000.  In both cases, these amounts will be paid separately from the settlement fund by HireRight.

## Objecting To The Settlement

## 15.  How do I tell the Court that I don't like the settlement?

You can object to any aspect of the proposed settlement by filing and serving a written objection.  Your written objection must include: (1) your name, address, telephone number, and email address; (2) the factual basis and legal grounds for the objection to the settlement; and (3) be personally signed by you.  If you are represented by counsel, your objection must also state that information and contain the name, address, telephone number, and email address for your counsel.

**You must file any objection via U.S. mail with the Settlement Administrator postmarked by DATE.**

ADMINISTRATOR
ADDRESS
ADDRESS

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the settlement.  Excluding yourself is telling the Court that you don't want to be part of the settlement.  If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

## 17.  Where and when will the Court decide whether to approve the settlement?

There will be a Fairness Hearing to consider approval of the proposed settlement at TIME on DATE at the United States District Court for the Southern District of California, 221 W Broadway, San Diego, CA 92101.  The hearing may be postponed to a later date without further notice, but any such delay will be noted on the settlement website at [WEBSITE].  The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by Plaintiff and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Counsel's application for an award of attorneys' fees and expenses and Plaintiff's compensation.

You will be represented at the Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel.  The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

**18.   Do I have to come to the hearing?**

No.   Counsel for the Settlement Class will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense.   If you send any objection, you do not have to come to Court to talk about it.   As long as you filed and mailed your written objection on time, the Court will consider it.   You may also pay your own lawyer to attend, if you wish.

**19.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.   To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.   You cannot speak at the hearing if you excluded yourself.

**Getting More Information**

**20.   Are there more details about the settlement?**

This Notice is only a summary.   For a more detailed statement of the matters involved in the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Southern District of California, File: *Watkins, et al. v. HireRight, Inc.*, Case No. 3:13cv1432-BAS-BLM.   The full Settlement Agreement and certain pleadings filed in the case are available at WEBSITE or can be requested, in writing, from the Settlement Administrator, identified in Paragraph 10 above.

**21.   How do I get more information?**

You can visit WEBSITE or contact the Settlement Administrator, identified in Paragraph 10 above.   **Please do not contact the Court for information.**

***Watkins & Hoyt v. HireRight, Inc.***, Case No. 3:13cv1432-BAS-BLM
**United States District Court for the Southern District of California**

HireRight's records indicate you are a member of the Settlement Class in this case, which includes all individuals for whom HireRight's records indicate that the person made a request for information from their consumer file from May 23, 2008 to [DATE of PRELIM APPROVAL].

For purposes of processing claims, the Settlement Class is divided into three groups.  You are in the following group:

\_\_\_  **Two Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and for whom HIreRight's records do not indicate the scope of the request.

\_\_\_  **Two Year Available Request Type Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made on or after May 23, 2011 and that the request was for "all reports," "full file" or "The last 3 years."

 X   **Five Year Claim Category:** All individuals in the Settlement Class for whom HireRight's records indicate the request was made between May 23, 2008 and May 22, 2011

---

## CLAIM FORM INSTRUCTIONS

In order to receive a payment you must complete ***all*** of the following steps on or before [DATE]:

1. Complete the Claim Form & Release on the back of this page.  You must include the last four digits of your Social Security number, any former names, and your telephone number.

2. Sign and date the Claim Form & Release.

3. Provide documentation that you made a request for your "full file," "all reports," or "reports in the last three years" to HireRight between May 23, 2011 and [date of preliminary approval].  This documentation can be in one of the following forms:

    (a) A copy of the written request that was sent to HireRight; <u>or</u>

    (b) A written affidavit signed by you stating that you made such a request to HireRight during the time period May 23, 2011 to [date of preliminary approval].  A form declaration that you can use for this purpose is available at [website].

4. Read and sign the **Affidavit of Discovery** at the bottom of the Claim Form & Release.

5. Mail the Claim Form & Release along with the required documentation (either a copy of the request or an affidavit) in the provided business reply envelope.  The envelope must be postmarked on or before [DATE].

PLEASE NOTE:  If you are in more than one Claim Category, a separate claim form will be enclosed for each Claim Category of which you are a member.  You must complete the claim form for *each* Claim Category in order to be eligible to receive monetary benefits for that Claim Category.

| **FIVE YEAR CLASS** |
| **CLAIM FORM AND RELEASE** |

ADMIN BARCODE

Indicate any Name/Address Changes:

CLAIM No.
FIRST LAST
ADDRESS
ADDRESS

_____

_____

_____

**Provide the following information**:

Social Security Number (Last 4 digits ONLY):  XXX-XX- ___ ___ ___ ___

Former Names (if any): _____

Telephone Number: ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___

Email Address: _____

**Read the following and sign below**:

The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that he or she will receive.

Signature:_____     Date:_____

**Read the following Affidavit of Discovery and sign below**:

**Affidavit of Discovery:**  The undersigned declares under penalty of perjury under the laws of the State of California that prior to May 23, 2011, he or she had no knowledge of the claims against HireRight asserted by Plaintiff in this lawsuit, specifically the claim that HireRight failed to include a copy of the Adjudication Email in its responses to consumer file requests in violation of 15 U.S.C. § 1681g.

Signature:_____     Date:_____

<u>IN ORDER TO RECEIVE MONETARY COMPENSATION YOU MUST ENCLOSE THE REQUIRED DOCUMENTATION SPECIFIED IN INSTRUCTION #3 WITH YOUR COMPLETED CLAIM FORM.</u>

EXHIBIT D

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

8

SPENCER HOYT, individually, on
behalf of other similarly situated
individuals, and on behalf of the
general public,

Case No.  3:13-CV-1432-BAS-BLM

**FINAL APPROVAL ORDER**

Plaintiff,

v.

HIRERIGHT, INC.,

Defendant.

16

Based on the parties' Joint Motion for Final Approval of the Proposed Settlement and good cause shown therein, IT IS HEREBY ORDERED:

1.     The Settlement Agreement, including its exhibits, and the definition of words and terms contained therein are incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All individuals for whom HireRight's records indicate that the individual made a request for information from the consumer's file from May 23, 2008 through the date of preliminary approval.

3.     The Court hereby finds that the Settlement Agreement is the product of

1    arms-length settlement negotiations among Plaintiff, Class Counsel, and Defendant.

2        4.    The Court hereby finds and concludes that the Class Notices were

3    disseminated to members of the Settlement Class in accordance with the terms set

4    forth in the Settlement Agreement in compliance with this Court's Preliminary

5    Approval Order.

6        5.    The Court finds and concludes that the Class Notices and the settlement

7    distribution procedures set forth in the Settlement Agreement fully satisfy Rule 23 of

8    the Federal Rules of Civil Procedure and the requirements of due process, were the

9    best notices practicable under the circumstances, provided individual notice to all

10   members of the Settlement Class who could be identified through reasonable effort,

11   and support the Court's exercise of jurisdiction over the Settlement Class as

12   contemplated in the Settlement and this Order.

13       6.    The Court hereby finds and concludes that the notice provided by

14   Defendant to the appropriate state and federal officials pursuant to the Class Action

15   Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

16       7.    The Court hereby finally approves the Settlement Agreement and the

17   Settlement contemplated thereby, and finds that the terms and conditions constitute, in

18   all respects, a "fair, reasonable, and adequate" settlement as to all members of the

19   Settlement Class in accordance with Rule 23(e) of the Federal Rules of Civil

20   Procedure, and directs its consummation pursuant to its terms and conditions.

21       8.    The Court reserves jurisdiction over all matters arising out of the

22   Settlement Agreement and incorporates the terms of the Injunctive Relief Order

23   herein.

24       9.    The Court approves Class Counsel's application for $655,000 in

25   attorneys' fees and $60,000 in costs, and the Incentive Award to the Named Plaintiff

26   in the amount of $10,000.

27       10.   This Court hereby dismisses this Action and all claims with prejudice,

28   without costs to any party, except as expressly provided for in the Settlement

FINAL APPROVAL ORDER          2.          Case No. 3:13-CV-1432-BAS-BLM

1    Agreement.

2         11.    Finding that there is no just reason for delay, the Court orders that this

3    Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the

4    Federal Rules of Civil Procedure that is binding on the parties and the Settlement

5    Class.

6

7    Date:

8                                    _____
                                     Hon. Cynthia A. Bashant
9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

10   SPENCER HOYT, individually, on           Case No.  3:13-CV-1432-BAS-BLM
     behalf of other similarly situated
11   individuals, and on behalf of the
     general public,
12                                            **INJUNCTIVE RELIEF ORDER**
                    Plaintiff,
13
     v.
14
15   HIRERIGHT, INC.,
16                  Defendant.
17
18
19
20          The Court has entered its Final Order granting the Motion for Final Approval of

21   Class Action Settlement (ECF No. ___).  Pursuant to that Order and Section ___ of

22   the Class Action Settlement Agreement dated [DATE] (the "Settlement Agreement"),

23   the Court enters this Injunctive Relief Order and hereby orders that the parties comply

24   with the following:

25          1.     For purposes of this Injunctive Relief Order, the Court adopts and

26   incorporates the definitions and meanings of the defined terms set forth in the

27   Settlement Agreement.

28

INJUNCTIVE RELIEF ORDER                       Case No. 3:13-CV-1432-BAS-BLM

**Injunctive Relief Applicable to Defendant**

2.      On HireRight adjudicated reports generated on or after twenty-one days following the Effective Date, and continuing for a period of two years from the Effective Date, Defendant will include on the report (both on the customer copy and file disclosure copy, if any): (1) the final adjudication status for the report; (2) if an e-mail notification was sent communicating that adjudication status to the customer, an "Activity Log" or similarly designated section of the report including information reflecting that an e-mail was sent and the date of the email; and (3) the following statement:

> E-mail notifications, if configured, were sent by HireRight to the user who requested this report (identified in the "Recipient" column of the report Activity Log).  Such notifications may indicate whether the background report satisfies certain criteria established by the user (as displayed in the "Result" column of the report Activity Log).

3.      In addition to the relief set forth in paragraph 2, for HireRight adjudicated reports using Defendant's "Adjudication 2.0" product generated on or after twenty-one days following the entry of this Injunctive Relief Order, Defendant will include the separate final adjudication status for each product adjudicated.

4.      Defendant shall retain the right to modify the text used in its reports (and set forth in paragraph 2) in order to effect revisions for compliance and other business purposes so long as both the customer copy and the file disclosure copy of Defendant's HireRight adjudicated reports include the adjudication status and a plain-English explanation of the fact that Defendant sent an e-mail to the customer indicating whether the background report satisfied the customer's criteria.  Nothing in this Injunctive Relief Order directly or indirectly restricts Defendant's discretion to retire any product offering, including but not limited to product-level adjudication.

**Injunctive Relief Applicable to Settlement Class Members**

5.      Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, the Final Judgment Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**Dispute Resolution Process**

6.      If any Settlement Class Member has a claim or dispute regarding Defendant's compliance with this Injunctive Relief Order, then such Settlement Class Member first must submit, *pro se* or through counsel, his or her dispute directly to Defendant's Legal Department before taking any other action.

7.      Such notice shall be submitted, in writing using the form attached hereto as Exhibit 1, to Defendant at the following address, via personal service or other method requiring signature of Defendant's authorized representative:

> HireRight, Inc.
>
> Attention: Legal Department
>
> 3349 Michelson Dr., Suite 150
>
> Irvine, CA 92612

8.      The written notice of dispute must identify the paragraph(s) of this Order which the Settlement Class Member contends was breached, and must provide a factual description of when and in what manner the Settlement Class Member alleges the breach occurred, in the form attached as Exhibit 1.

9.     Upon receipt of such a dispute, Defendant will have sixty days in which to investigate the dispute and either respond to the Settlement Class Member or cure any non-compliance with this Injunctive Relief Order and notify the Settlement Class Member of such cure.   The sixty-day period may be extended for an additional 30 days in the event that Defendant in good faith requires such additional time to conduct its investigation, including any technical or systems-related considerations.

10.     If Defendant cures any alleged non-compliance with this Injunctive Relief Order within ninety days following the receipt of a Settlement Class Member's dispute, the Settlement Class Member shall have no further claim for relief of any kind whatsoever based on Defendant's non-compliance with this Injunctive Relief Order, but shall retain all other legal rights.

11.     If, after the dispute resolution process described above has been completed, the Settlement Class Member wants to seek recourse, then he or she may submit his or her dispute to the Court (pursuant to the Court's retention of exclusive jurisdiction under Section [xx] of the Settlement Agreement) under the caption for this Litigation.  The Court shall have exclusive and sole jurisdiction to resolve the dispute. In no event shall a Settlement Class Member or Defendant have a right to a jury trial to resolve any dispute regarding this Order.  Attorney's fees and costs are unavailable and shall not be awarded for any reason to any party or his, her or its counsel for initiating any proceeding to enforce this Injunctive Relief Order.   Any such proceeding shall arise solely under this Injunctive Relief Order, not federal law or any other law, and thus no fee-recovery provision in any such law is or will be applicable, including 15 U.S.C. §§ 1681n and 1681o.

12.     In the event that any Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), bring a suit, action or other proceeding of any kind whatsoever against any Released Party on a Released Claim, Defendant shall provide notice of the terms of this Injunctive Relief Order to such Settlement Class Member or any person actually or purportedly acting on behalf

1  of that Settlement Class Member within 180 days after being notified of such suit,
2  action or other proceeding.

3       13.    If, within thirty days following the notice prescribed in paragraph 12, the
4  Settlement Class Member does not voluntarily dismiss or withdraw the suit, action or
5  other proceeding or disputes whether this Injunctive Relief Order applies to the claims
6  asserted in such suit, action or other proceeding, then either party (or any other
7  Released Party) may submit the dispute to the Court (pursuant to the Court's retention
8  of exclusive jurisdiction under Section [xx] of the Settlement Agreement) under the
9  caption for this Litigation.

10      14.    In the event that any provision of this Injunctive Relief Order or the
11  Settlement Agreement is asserted by Defendant (or any other Released Party) as a
12  defense in whole or in part to any Claim, or otherwise asserted (including, without
13  limitation, as a basis for a stay) in any other suit, action or proceeding brought by a
14  Settlement Class Member or any person actually or purportedly acting on behalf of
15  any Settlement Class Member(s), that suit, action, or other proceeding shall be
16  immediately stayed and enjoined until this Court or the court or tribunal in which the
17  claim is pending has determined any issues related to such defense or assertion.

18  **Actions Not Constituting a Violation of the Injunctive Relief Order**

19      15.    In the event that any obligation Defendant has agreed to undertake in this
20  Injunctive Relief Order becomes inconsistent with any federal, state, or local law,
21  enactment, regulation, or judicial ruling (collectively, "Law"), Defendant may modify
22  its practices to comply with the applicable legal changes, but shall provide notice to
23  Class Counsel of same.

24      16.    In the event of a disagreement over whether a change in the Law renders
25  Defendant's ongoing compliance with this Injunctive Relief Order impermissible, the
26  Court will retain jurisdiction to resolve such a dispute.  However, Class Counsel must
27  seek a determination from this Court on whether continued compliance is required
28  within thirty days of receiving the notice from Defendant set forth in paragraph 15.

17.     In no case shall Defendant be subject to any liability of any kind whatsoever for violation of this Injunctive Relief Order based on a change that was made in a good faith to comply with a change to applicable Law.

18.     Any action by Defendant determined in good faith to be reasonably necessary to comply with any Law shall not constitute a violation of this Injunctive Relief Order.

19.     The spirit and intent of this Injunctive Relief Order is to help fortify Defendant's compliance with the Fair Credit Reporting Act.  To that end, bona fide errors in administering such practices shall not individually or in the aggregate constitute a violation of this Injunctive Relief Order.  Further, nothing herein imposes obligations on Defendant with regard to any law other than the Fair Credit Reporting Act.

20.     The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Injunctive Relief Order, including its administration, effectuation, and enforcement of its provisions pursuant to the dispute resolution process described above.


IT IS SO ORDERED.

Date:

_____
Hon. Cynthia A. Bashant
United States District Judge

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

10   SPENCER HOYT, individually, on
     behalf of other similarly situated
11   individuals, and on behalf of the
     general public,

12                      Plaintiff,

13

14   v.

15   HIRERIGHT, INC.,

16                      Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  3:13-CV-1432-BAS-BLM

**EXHIBIT 1 TO INJUNCTIVE**
**RELIEF ORDER – DISPUTE FORM**

**DO NOT FILE THIS DOCUMENT WITH ANY COURT.   MAIL THE DOCUMENT TO HIRERIGHT AT THE ADDRESS IMMEDIATELY BELOW.**

TO:   HireRight, Inc.

Attention: General Counsel, Legal Department

3349 Michelson Dr., Suite 150

Irvine, CA 92612

I hereby dispute in good faith that HireRight, Inc. has complied with the Injunctive Relief Order in the matter of Spencer Hoyt et al. v. HireRight, Inc., Case No. 3:13-cv-1432-BAS-BLM.  This document is a notice of my dispute.

**<u>Personal Information</u>**

First Name: _____

Middle Name: _____

Last Name: _____

Last four digits of Social Security Number: _____

Year of birth: _____

Telephone Number: _____

Email Address: _____


**<u>Attorney Information (to be completed if you have an attorney)</u>**

Attorney Name: _____

Law Firm Name (if applicable): _____

Bar License State and Number: _____

**<u>Dispute Description</u>**

Paragraphs of Injunctive Relief Order HireRight, Inc. Allegedly Breached (Identify by Paragraph Number):

_____

_____

Date when Breach(es) Allegedly Occurred (Identify month/day/year as applicable):

_____

_____

Factual Description of Alleged Breach(es) (Provide as much detail as possible; attach extra pages as necessary):

Based on my personal knowledge, I contend in good faith and after reasonable and diligent investigation that the following events occurred, which I believe constitute a breach of the paragraph(s) of the Injunctive Relief Order specified above:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

1   Do you have documents that you believe support your dispute that HireRight,

2   Inc. breached the Injunctive Relief Order?

3   ___ YES                                    ____NO

4   (If your answer is "yes," attach the documents that you believe support your

5   dispute)

6   I certify under penalty of perjury under the laws of the United States and the

7   laws of my state of residence that the foregoing is true and correct and submitted in

8   good faith after reasonable and diligence investigation.

9

10   SIGNATURE:   _____

11

12   PRINTED NAME:_____

13

14   DATE:   _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER                         4.        Case No. 3:13-CV-1432-BAS-BLM

EXHIBIT F

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

SPENCER HOYT, individually, on
behalf of other similarly situated
individuals, and on behalf of the
general public,

             Plaintiff,

v.

HIRERIGHT, INC.,

             Defendant.

Case No.  3:13-CV-1432-BAS-BLM


**PRELIMINARY APPROVAL
ORDER**

Based on the parties' Joint Motion for Preliminary Approval of the Proposed Settlement and good cause shown therein, IT IS HEREBY ORDERED:

    1.    <u>Preliminary Approval of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

    2.    <u>Class Certification for Settlement Purposes Only.</u>  Pursuant to Fed. R. Civ. P. 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

        All individuals for whom HireRight's records indicate that the

1
2

   individual made a request for information from the consumer's file

   from May 23, 2008 through the date of preliminary approval.

3
4
5

This Class shall be further defined, and divided into claims categories, as set forth in the parties' Settlement Agreement.  In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

6
7

   (a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

8
9

   (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

10
11

   (c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

12
13

   (d) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

14
15
16

   (e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

17
18
19

   (f) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

20
21

   3. <u>Class Counsel.</u>  Nichols Kaster, PLLP and The Law Offices of Devin H. Fok are hereby APPOINTED as Class Counsel.

22
23

   4. <u>Class Representative.</u>  Plaintiff Spencer Hoyt is hereby APPOINTED as Class Representative.

24
25

   5. <u>Class Notice.</u> The parties' Class Notices are APPROVED for distribution in accordance with the schedule included in the Settlement Agreement.

26
27

   6. <u>Opt Outs and Objections.</u>  Class members shall have the right to opt out of this Settlement pursuant to the procedures and schedule included in the Settlement

28

1   Agreement.  All members of the Settlement Class shall have the right to object to the
2   Settlement pursuant to the procedures and schedule included in the Settlement
3   Agreement.

4        7.    <u>Final Fairness Hearing</u>.  A Final Fairness Hearing is set for
5   _____, 2015 at _____, in Courtroom _____.

6
7   Date:

8                            _____
                         Hon. Cynthia A. Bashant
9                            United States District Judge

PRELIM. APPROVAL ORDER          3.          Case No. 3:13-CV-1432-BAS-BLM