1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BLANCA WATKINS, SPENCER
HOYT, individually, on behalf of
other similarly situated individuals,
and on behalf of the general public,

                                    Plaintiffs,

        v.

HIRERIGHT, INC.,

                                    Defendant.

Case No. 13-cv-1432-BAS-BLM

**ORDER REINSTATING JOINT
MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED
SETTLEMENT AND GRANTING
THE PRELIMINARY
APPROVAL**

**[ECF Nos. 119, 125]**

On May 24, 2013, Plaintiffs Blanca Watkins and Spencer Hoyt commenced this class action in San Diego Superior Court, alleging that Defendant Hireright, Inc., a consumer reporting agency, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by reporting old charges that were dismissed and failing to provide consumers with full-file disclosures despite written requests to do so. (ECF No. 1.)  On June 19, 2013, Hireright removed the action to federal court.  (ECF No. 1.)  On September 19, 2014, at the parties' joint request, Plaintiff Blanca Watkins and her individual claims were dismissed from the case.  (ECF No. 101.)

        On January 30, 2015, the parties filed a joint motion for preliminary approval

of class action settlement.  (ECF No. 119.)  On February 11, 2015, Defendant filed a Notification of Bankruptcy with this court, staying all matters before the Court.  (ECF No. 122.)  Hence, the Court terminated the joint motion for preliminary settlement approval. (ECF No. 124.)   Plaintiff Hoyt now seeks to reinstate the Motion for Preliminary Settlement Approval. (ECF No. 125.)  He informs the Court that he has reached an agreement with Defendant's bankruptcy counsel, in connection with Hireright's plan of reorganization to "assume the settlement agreement and resume its agreement under the agreement post-bankruptcy."  (ECF No. 125.)  According to Plaintiff's counsel, "[t]he assumption of the settlement agreement has been incorporated into the bankruptcy court's confirmation order." (ECF No. 125.) Therefore, as a preliminary matter, this Court **REINSTATES** the parties' Joint Motion for Preliminary Settlement Approval.  (ECF No. 119.)

## I.     PROPOSED SETTLEMENT

The proposed settlement agreement ("Settlement" or "Settlement Agreement") applies to class members ("Class" or "Class Members") defined as "all individuals for whom Hireright's records indicate that the individual made a request for information from the consumer's file from May 23, 2008 through the date of preliminary approval."[1] (Settlement at § 24.)

The Settlement contemplates that Class Members will be required to return a properly completed Claim Form within the Claims Deadline to be eligible for monetary relief. (*Id.* at § 29.)  Completed Claim Forms must be postmarked no later than 60 days after mailing of the Class Notices. (*Id.* at § 48.) The Class Members are divided into three categories.  The first category, Class Members who Hireright records reflect made a request for their full file two years prior to the filing of the Complaint until the date of the preliminary approval, only need return a pre-paid

---

[1] The Settlement Agreement is attached to the Declaration of E. Michelle Drake in Support of Motion for Preliminary Settlement Approval (ECF No. 119-2 ("Drake Decl."), Exhibit 1 (ECF No. 119-3.))  All capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement. (*See* Settlement at §§ 1-27 (Definitions)).

13cv1432

postcard claim form. (*Id.* at § 46.)  The parties estimate that there are 35,000 members of this group. (*Id.* at § 31).  The second category are those who made a request for their full file within the same time frame but for whom Hireright's records do not explicitly reflect that they made this request.  They will be required to provide either a copy of their request letter or a declaration indicating they requested their full file when they return the pre-paid postcard claim form. (*Id.* at § 46.) The parties estimate there are 135,000 members of this group. (*Id.* at § 31.) The third category consists of individuals who made a request for their full file between May 23, 2008 and May 23, 2011.  They must submit a claim form, a copy of their letter requesting their file or a declaration indicating they requested the file and a representation that they did not know about the legal violation prior to May 23, 2011. (*Id.* at § 46.)  The parties estimate there are 73,000 members of the group. (*Id.* at § 31.)  If a Claim Form is deficient for any reason, other than timeliness, the Settlement Administrator shall mail the Class Member a notice of deficient claim, and the Class Member will have 14 days to cure the deficiency.  (*Id.* at § 49.)

Hireright will establish a common fund of $460,000, exclusive of attorney's fees and costs of administration. (*Id.* at § 43.)  This will be distributed *pro rata* to Class Members who timely return properly completed Claim Forms. (*Id.* at §§ 45, 65, 67.)  Individual payouts will be capped at $200.00. (*Id.* at § 45.)  The parties estimate each Class Member will receive approximately $58.00.[2] (Memorandum of Points and Authorities in Support of Joint Motion for Preliminary Approval or Proposed Settlement, ECF No. 119 ("Joint Motion") at 12.)

The Settlement Agreement also anticipates that the Class Members receive Injunctive Relief as reflected in the Injunctive Relief Order. (Settlement Agreement,

---

[2] According to Class Counsel, under Hireright's bankruptcy plan, general unsecured creditors will receive a share of a pool of $1.25 million that will only be distributed when all claims in the class have been resolved.  The exact amount that each unsecured creditor will receive is uncertain and will depend on a lengthy claims reconciliation process that could take several years to reach a resolution. (Supplemental Memorandum in Support of Preliminary Approval, ECF No. 125 at p. 4.)

Exh. E.)  On all reports pertaining to a consumer who was adjudicated by Hireright, Hireright will include the following on the report (both on the consumer copy and the file disclosure copy, if any):

> (1) The final adjudication status for the report;
>
> (2) If an email notification was sent communicating that adjudication status to the customer, an "Activity Log" or similarly designated section of the report, stating the fact that an email was sent and the date of the email; and
>
> (3) The following statement:
>
> "Email notifications, if configured, were sent by Hireright to the user who requested this report (identified in the 'Recipient' column of the report Activity Log). Such notifications may indicate whether the background report satisfies certain criteria established by the user as displayed in the 'Result' column of the report Activity Log."

(*Id.* at ¶2.)

The proposed Settlement further requires an independent Settlement Administrator to provide notice of the proposed Settlement by first class mail, providing, among other things, a description of the terms of the Settlement, instructions for submitting a claim, and directions for accessing the Settlement website. (*Id.* at §§ 33, 38.)  In addition to mailed notice, the Settlement Administrator will establish a Settlement website on which the Settlement Administrator will make available the Settlement Agreement, relevant pleadings including the operative complaint, the order granting preliminary approval, and Class Counsel's petition for attorneys' fees and expenses when filed. (*Id.* at § 35.)  The notice will also include a toll-free number, hosted by the Settlement Administrator, where Class Members can obtain additional information about the proposed Settlement. (*Id.* at § 35.)  For any notice returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall mail notice to the forwarding address. (*Id.* at § 39.)

Any Class Member shall have the right to request exclusion from the Settlement Class by sending written notice via first class mail to the Settlement Administrator

1 | within 60 days of the mailing of the Class Notices. (*Id.* at § 41.)

2 | Class Counsel will file a motion requesting an award of attorneys' fees and

3 | expenses (not to exceed $655,000.00 in fees and $60,000.00 in costs). (Settlement, at

4 | § 65.) That motion will also request an incentive award for the Named Plaintiff not

5 | to exceed $10,000. (*Id.* at § 66.) The parties agree the Settlement Administration Costs

6 | will be capped at $400,000. (*Id.* at § 67.) None of the attorneys' fees, expenses or

7 | costs will come from the common Settlement Fund, and the amounts are subject to the

8 | Court's approval.

9 | Any Class Member who wishes to object to the Settlement Agreement must file

10 | a written statement of objection with the Court and mail a copy of the objection to the

11 | Settlement Administrator postmarked no later than 60 days following mailing of the

12 | Class Notices. (*Id.* at § 42.)

13 | Following final court approval of the proposed Settlement, Plaintiff and

14 | Settlement Class Members shall be deemed to have released and discharged

15 | Defendant from claims for any violations arising pursuant to 15 U.S.C. §1681(b) or

16 | (g) or any state law equivalents. (*Id.* at §§ 68, 70.)

## II.   ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v.*

*Kellogg Co.,* 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted).

## A. Class Certification

Before granting preliminary approval of a class-action settlement, the Court must first determine whether the proposed class can be certified. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)).   In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)).   In this regard, Rule 23 contains two sets of class-certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.,* 593 F.3d 802, 806 (9th Cir. 2010).   "A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met." *Otsuka v. Polo Ralph Lauren Corp.,* 251 F.R.D. 439, 443 (N.D. Cal. 2008).

"Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Otsuka,* 251 F.R.D. at 443 (citing Fed. R. Civ. P. 23(a)). "A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice

1  from separate actions; (2) that declaratory or injunctive relief benefitting the class as
2  a whole would be appropriate; or (3) that common questions of law or fact
3  predominate and the class action is superior to other available methods of
4  adjudication." *Id.* (citing Fed. R. Civ. P. 23(b)).

5      The parties seek class certification under Rule 23(b)(3). (Joint Motion at 29.)
6  In the context of a proposed settlement class, questions regarding the manageability
7  of the case for trial are not considered.  *See Wright v. Linkus Enter., Inc.,* 259 F.R.D.
8  468, 474 (E.D. Cal. 2009) (citing *Amchem Prods., Inc.,* 521 U.S. at 620 (1997)
9  ("Confronted with a request for settlement-only class certification, a district court
10 need not inquire whether the case, if tried, would present intractable management
11 problems . . . for the proposal is that there be no trial.")).

12      **1. Numerosity – Rule 23(a)(1)**

13      Rule 23(a)(1) requires that the class be "so numerous that joinder of all
14 members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the
15 numerosity factor is satisfied if the class comprises 40 or more members and will find
16 that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott*
17 *Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

18      The proposed Class consists of approximately 243,000.  Thus, the Court finds
19 joinder of all members is impracticable for the purposes of Rule 23(a)(1).

20      **2. Commonality – Rule 23(a)(2)**

21      Under Rule 23(a)(2), the named plaintiff must demonstrate that there are
22 "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).
23 "Commonality requires the plaintiff to demonstrate that the class members 'have
24 suffered the same injury[.]'" *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw.*
25 *v. Falcon*, 457 U.S. 147, 157 (1982)). However, "[a]ll questions of fact and law need
26 not be common to satisfy this rule." *Hanlon*, 150 F.3d at 1019. "The existence of
27 shared legal issues with divergent factual predicates is sufficient, as is a common core
28 of salient facts coupled with disparate legal remedies within the class."  *Id.*

In this case, Plaintiff alleges that all Class Members make the same claim: that Defendant responded to their request for their consumer file, but did not include a copy of the Adjudication Notification Email it sent to the report's initial recipient. In addition to the same injury, Class Members share this "common core of salient facts." Class Members also share a common legal issue: Hireright's willfulness, a prerequisite to liability. Accordingly, the Court finds Rule 23(a)(2) is satisfied.

### 3. Typicality – Rule 23(a)(3)

To satisfy Rule 23(a)(3), the named plaintiff's claims must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

Like the other Class Members, the named Plaintiff, Hoyt, requested a copy of his consumer file from Defendant, and Defendant's response did not include a copy of the Adjudication Notification Email that Defendant sent to its customer regarding Hoyt. Thus, Hoyt and the Class Members assert the same violation of 15 U.S.C. §1681(g), arising from the same course of conduct. Plaintiff and Class Members also seek the same relief for this alleged wrongful conduct, that is injunctive relief and monetary compensation for the failure. Therefore, the Court finds Plaintiff's claim is typical of the claims of the Class Members, satisfying Rule 23(a)(3).

### 4. Adequacy – Rule 23(a)(4)

13cv1432

Rule 23(a)(4) requires that the representative plaintiff "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

The Court has no reason to believe that Plaintiff and his counsel have any conflict of interest with the Class Members and they appear to have vigorously investigated and litigated this action. Thus, the interests of Plaintiff and the Class Members are aligned. Additionally, Plaintiff's counsel are qualified in class-action litigation, having extensive experience in class action and consumer litigation, including FCRA class actions. (*See* Drake Dec., Exh 3, ECF No. 119-5.) Therefore, the Court finds Plaintiff and his counsel adequately represent the Class Members, satisfying Rule 23(a)(4)'s adequacy requirement.

### 5. Predominance – Rule 23(b)(3)

"The predominance inquiry focuses on 'the relationship between the common and individual issues' and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009). As stated in *Vinole*:

> Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. . . . Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

> *Id.* (internal quotation marks and citations omitted).

– 9 –

13cv1432

Here, a common issue predominates over any individual issue—specifically, the legality of Hireright's conduct under the FCRA. Plaintiff states that this issue can be proven with the same class-wide evidence. (Joint Motion at pgs. 30-31.) Because resolution of the issue can arguably be resolved for all Class Members in a single adjudication, the Court finds the proposed Class is sufficiently cohesive to warrant adjudication by representation, and that Rule 23(b)(3)'s predominance requirement is satisfied.

### 6. Superiority – Rule 23(b)(3)

"Plaintiffs must also demonstrate that a class action is 'superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Otsuka*, 251 F.R.D. at 448 (citing Fed. R. Civ. P. 23(b)(3)). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following factors are pertinent to this analysis:

(A) the class members' interest in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In this case, the alternative to a class action would be to have the individual Class Members, who total approximately 243,000 individuals, file separate lawsuits. Requiring Class Members to pursue individual actions would potentially produce lawsuits numbering in the tens of thousands. That would be both impractical and inefficient. Such individual litigation would consume judicial resources, impose

13cv1432

1   additional burdens and expenses on the litigants, and present a risk of inconsistent

2   rulings. In addition, the potential monetary relief under the statute could be as low as

3   $100 (*See* Joint Motion at 16).  Therefore each Class Member may not have an interest

4   in bringing an individual action. For these reasons, the Court finds Rule 23(b)(3)'s

5   superiority requirement is also satisfied.

6       For the foregoing reasons, with respect to the Class, the Court provisionally

7   finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal

8   Rules of Civil Procedure have been met.

9       **B.    Preliminary Fairness Determination**

10      Having certified the class, the court must next make a preliminary

11  determination of whether the class-action settlement is "fair, reasonable, and

12  adequate" pursuant to Rule 23(e)(2). "It is the settlement taken as a whole, rather than

13  the individual component parts, that must be examined for overall fairness." *Hanlon,*

14  150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of

15  the settlement; rather, "[t]he settlement must stand or fall in its entirety."  *Id.*

16      "[S]ettlement approval that takes place prior to formal class certification

17  requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a

18  district court "must be particularly vigilant not only for explicit collusion, but also for

19  more subtle signs that class counsel have allowed pursuit of their own self-interests

20  and that of certain class members to infect the negotiations." *In re Bluetooth Headset*

21  *Prods. Liab. Litig*., 654 F.3d 935, 947 (9th Cir. 2011). Other relevant factors to this

22  determination include, among others, "the strength of the plaintiffs' case; the risk,

23  expense, complexity, and likely duration of further litigation; the risk of maintaining

24  class-action status throughout the trial; the amount offered in settlement; the extent of

25  discovery completed and the stage of the proceedings; the experience and views of

26  counsel; the presence of a governmental participant; and the reaction of the class

27  members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill*

28  *Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citations omitted).

Here, the parties' proposed Settlement Agreement complies with all of these requirements. The Court will address the relevant factors in further detail below.

**1. Strength of Plaintiff's Case and Risk of Further Litigation**

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n of the City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). As explained by the Supreme Court, "[n]aturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971).

Here, presumably recognizing the merits of each side's case, the parties agree that Plaintiff and other Class Members would face substantial hurdles prior to certification and trial. (Joint Motion at 20-21.) The parties recognize, "[t]he claim asserted in this litigation is an unprecedented theory of liability under the FRCA." (Joint Motion at 20.) Furthermore, in order to recover statutory damages, Class Members would have to prove not only liability, but willfulness on the part of Hireright.

The parties also recognize that further litigation would be "complex, costly and lengthy" and that settlement provides the benefits of litigation to all Class Members without the risk and delays of continued litigation, trial, and appeal. (Joint Motion at 21.) The parties anticipate that continued litigation of this matter would include motions for summary judgment, trial and appeal. (*Id.*) Absent settlement, the parties

1 anticipate that further litigation would have "significantly delayed" any relief to Class
2 Members.[3] (*Id.*)

3      The Court agrees with the parties that the proposed Settlement eliminates the
4 litigation risks and ensures that the Class Members receive some compensation for
5 their claims. Therefore, on balance, the strength of Plaintiff's case and risk of further
6 litigation favor approving the proposed Settlement.

7      **2. Amount of the Proposed Settlement**

8      The proposed settlement caps a Class Member's monetary recovery at $200.00.
9 The ultimate settlement amount depends on the number of Class Members submitting
10 Claim Forms, but the parties estimate each Class member will receive approximately
11 $58.00. (Joint Motion at 12.)  The Class Members will also all receive the benefit of
12 the Injunctive Relief Order.

13      This is reasonable in light of the amount Class Members were likely to achieve
14 through litigation, that is, statutory damages between $100 and $1000.  The parties
15 agree that "were this case to proceed in litigation, the likely range of statutory damages
16 would have been much closer to $100 than $1000."  (Joint Motion at 16.)  Nor, as
17 detailed by the parties, is it likely that the parties would have been able to recover
18 actual damages under the FCRA for this kind of a claim.  (Joint Motion at 17.)
19 Therefore, the Court finds the amount and details of the proposed Settlement are
20 reasonable.

21      **3. Stage of the Proceedings and Extent of Discovery Completed**

22      "The Court assesses the stage of proceedings and the amount of discovery
23 completed to ensure the parties have an adequate appreciation of the merits of the case
24 before reaching a settlement." *Selk v. Pioneers Mem'l Healthcare Dist.*, --- F. Supp.
25 3d ---, 2016 WL 519088, at *7 (S.D. Cal. Jan. 29, 2016) (citation omitted). Prior to

26

27    [3] The Court further recognizes that Hireright's bankruptcy provides an added layer of uncertainty
28 to Plaintiff and Class Member's recovery.  The fact that Plaintiffs' Counsel was able to negotiate a resolution with Defendant's bankruptcy counsel support even more the benefits to the Class of settling at this stage.

Settlement, the parties actively litigated the matter for two years, including discovery—both written and depositions, and motion practice. (Drake Dec., ¶4.) The parties also engaged in more than 12-hours of arms-length negotiation before a neutral mediator. (Drake Dec. ¶7.) Thus, the Court concludes that this factor favors approval.

### 4. Experience and Views of Counsel

As discussed above, Plaintiff and Class Member's Counsel are experienced lawyers. All Counsel agree this Settlement is reasonable. "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Benchtel Corp.,* 485 F. Supp. 610, 622 (N.D. Cal. 1979). Accordingly, giving the appropriate weight to Class Counsel's recommendation, the Court concludes that this factor also weighs in favor of approval. *See id.*

### 5. Reaction of the Class to the Settlement

The proposed Settlement Agreement requires the Settlement Administrator to notify the Class Members by first class mail. Consequently, Class Members will have an opportunity to object or opt out of the Settlement. Thus, at this time, this factor weighs in favor of approving the Settlement.

Based on the foregoing, the Court finds the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

### C.   Proposed Class Notice

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Rule directs:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the

court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

"[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 120 (8th Cir. 1975).

The proposed settlement agreement anticipates that the Settlement Administrator will provide notice of the Settlement via first class mail, providing a description of the Settlement, instructions for submitting a claim along with claim forms, and a detailed description of each Class Member's rights (including the right to "opt out" of the Class. In addition to mailed notice, the Settlement Administrator will establish a Settlement website on which the Settlement Administrator will make available the Settlement Agreement, relevant pleadings including the operative complaint, the order granting preliminary approval, and Class Counsel's petition for attorneys' fees and expenses when filed. (*Id.* at § 35.) The notice will also include a toll-free number, hosted by the Settlement Administrator, where Class Members can obtain additional information about the proposed Settlement. (*Id.* at § 35.) For any notice returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall mail notice to the forwarding address. (*Id.* at § 39.)

Having reviewed the proposed class notices, the Court finds that the methods and contents of the notices comply with due process and Rule 23, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. Therefore, the Court approves, as to form and content, the proposed notices to be provided to Settlement Class Members as set forth in Exhibit A of the Settlement Agreement. (ECF No. 119-3.)

## III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** the parties' joint motion for

13cv1432

preliminary approval of the class action Settlement. (ECF No. 119.) Accordingly, the Court hereby **ORDERS** the following:

(1) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies the following Class for settlement purposes only: "all individuals for whom Hireright's records indicate that the individual made a request for information from the consumer's file from May 23, 2008 through the date of preliminary approval."

(2) The Court hereby appoints Spencer Hoyt, the Plaintiff in the Action as the Class Representative of the Class.

(3) The Court hereby appoints the law firm of Nichols, Kaster, PLLP, and the law offices of Devin Fok, as Class Counsel to represent the Class.

(4) The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at the Final Approval Hearing.

(5) The Court will hold a "Final Approval Hearing" on **September 19, 2016** at **10:30 a.m.** in the Courtroom of the Honorable Cynthia Bashant, United States District Court for the Southern District of California, **Courtroom 4B** (4th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

(a) finally determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, the claims of the Class should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court;

(b) considering the motion of Class Counsel for an award of Plaintiffs' Counsel's fees and costs;

(c) considering the motion of the Class Representative for an incentive

award, if any;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement (ECF No. 119-3, Exhibit D);

(e) considering whether the released by the Class Members as set forth in the Settlement Agreement should be provided; and

(f) ruling upon such other matters as the Court may deem just and appropriate.

(6) The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

(7) Any motion in support of the Settlement and motion for award of Plaintiff's Counsel's fees and costs and/or Class Representative's incentive award, if any, must be filed with the Court no later than **August 1, 2016.** Any opposition must be filed no later than **14 days** after the motion is filed, and any reply must be filed no later than **28 days** after the motion is filed.

(8) The Court approves the parties' agreement to appoint Dahl Administration, an independent third party, as Settlement Administrator.

(9) The Settlement Administrator shall carry out all duties set forth in the Settlement Agreement in the manner provided in the Settlement Agreement.

(10) The costs of the Class Notice, processing of payments, creating and maintaining the Settlement Website, and all other Class Notice and Claim Administration expenses shall be paid by Defendant in accordance with the applicable provisions of the Settlement Agreement.

(11) All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

(12) Any Settlement Class Member may enter an appearance in the Action, at his or her expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class

13cv1432

1    Counsel.

2    (13)   Any person falling within the definition of the Class may, upon his or her

3         request, be excluded from the Settlement Class.  This is also referred to as

4         "opting out" of the Settlement Class.  Any person wishing to be excluded

5         from (opt out from) the Settlement Class must submit a written "Request for

6         Exclusion" to the Claims Administrator postmarked or delivered no later

7         than 60 calendar days after mailing of the Class Notices ("Exclusion

8         Deadline").  The Request for Exclusion must include: (1) the person's name;

9         (2) the person's address; and (3) a statement that the person is a Class

10        Member and that he or she wishes to be excluded from the Settlement Class;

11        and (4) the case name and number:  *Blanca Watkins, Spencer Hoyt v.*

12        *Hireright, Inc.,* Case No. 13-cv-1432-BAS-BLM (S.D. Cal.). Requests for

13        Exclusion purportedly filed on behalf of groups of persons are prohibited

14        and will be deemed to be void.  A Request for Exclusion must be written,

15        and may not be asked for telephonically or by email.

16   (14)   Any Class Member who does not send a completed, signed Request for

17        Exclusion with the information listed in Paragraph 13 above to the

18        Settlement Administrator postmarked or delivered on or before the

19        Exclusion Deadline will be deemed to be a Settlement Class member for all

20        purposes and will be bound by all further orders of the Court in this Action

21        and by the terms of the Settlement, if finally approved by the Court.  All

22        persons who submit a valid and timely Request for exclusion in the manner

23        set forth in this Paragraph and Paragraph 13 above shall have no rights under

24        the Settlement and shall not be bound by the Settlement Agreement or the

25        Judgment and Final Approval Order approving the Settlement.

26   (15)   No later than fourteen (14) calendar days after the Exclusion Deadline,

27        the Settlement Administrator shall cause to be filed with the Court a list

28        reflecting all Requests for Exclusions.

(16)   Any Settlement Class Member who desires to object either to the Settlement, the award of Plaintiff's Counsel's fees and costs, or the Class Representative incentive award, if any, must timely file with the Clerk of this Court and timely serve on the parties' counsel identified below by hand or first-class mail a notice of the objections(s) and proof of membership in the Settlement Class and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court no later than the deadline as set forth in the Class Notice, which is 60 days after the mailing of the Class Notices (the "Objection Deadline").  Settlement Class Members may not both object and request exclusion (opt out).  If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.  To be considered by the Court, the objection must also contain all of the information listed in Paragraph 17 below.  The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline, by the Clerk of the Court and by Class Counsel and Defendant's counsel.  Such papers must be sent to each of the following persons:

Clerk of the Court

United States District Court

Southern District of California

333 West Broadway, Suite 420

San Diego, CA 92101


E. Michelle Drake

Nichols Kaster, PLLP

4600 IDS Center

80 South Eighth Street

13cv1432

Minneapolis, MN  55402

Jennifer Mora

Littler & Mendelson, PC

2049 Century Park East, 5th Floor

Los Angeles, CA  90067

(17)   All objections must include: (1) a heading which refers to the Litigation, *Blanca Watkins, Spencer Hoyt v. Hireright, Inc.,* Case No. 13-cv-1432-BAS-BLM (S.D. Cal.); (b) the objector's full name, telephone number, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel; (d) all of the reasons for his or her objection; (e) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and (f) a statement that the objector is a Class Member.  Any documents supporting the objection must also be attached to the objection.  If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection.

(18)   All objections must be filed with the Clerk of the Court and served on the Parties' counsel no later than the Objection Deadline.  Objections that do not contain all required information, or are received after the Objection Deadline, will not be considered at the Final Approval Hearing.

(19)   Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the Settlement, the motion for an award of Plaintiff's Counsel's fees and costs, or the motion for Class Representative incentive award, is required to provide written notice of his or her intention to appear at the Final Approval Hearing no later than the Objection Deadline by filing a "Notice of Intention to Appear". The Notice of Intention to Appear must include the Class

Member's name, address, telephone and signature and must be filed and served as described in Paragraph 16 of this Order.  Class Members who do not oppose the Settlement, the motion for an award of Plaintiff's Counsel's fees and costs, or the motion for Class Representative incentive award, need not take any action to indicate their approval.  A person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any right the person may have to object to the Settlement, the award of Plaintiff's Counsel's fees and costs, or Class Representative incentive award, or to appeal or seek other review of the final Judgment and Final Approval Order approving the Settlement.

(20)   The parties are ordered to carry out the Settlement Agreement in the manner provided in the Settlement Agreement.

**IT IS SO ORDERED.**

**DATED:  May 2, 2016**

Hon. Cynthia Bashant
United States District Judge

13cv1432