# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA WATKINS, SPENCER HOYT, individually, on behalf of other similarly situated individuals, and on behalf of the general public,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>HIRERIGHT, INC.,<br><br>　　　　　　Defendant. | Case No. 13-cv-1432-BAS-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD**<br><br>**[ECF No. 136]** |

Plaintiff's counsel files an unopposed Motion for Attorneys' Fees, Costs and Service Award requesting $655,000 in attorneys' fees; $60,000 reimbursement for costs; and $10,000 as a service award for the named Plaintiff Spencer Hoyt. (ECF No. 136.) The Court held a hearing on the issue on September 19, 2016. (ECF No. 149.)

After reviewing the time sheets and considering the arguments of counsel both oral and written, the Court **GRANTS** the Motion for Attorneys' Fees, Costs and Service Award.

//

//

## I. BACKGROUND

On May 24, 2013, Blanca Watkins filed a civil class action in San Diego Superior Court, which Hireright removed to federal court. (ECF No. 1.) On March 19, 2014, Plaintiff filed an amended complaint adding Spencer Hoyt as a named Plaintiff. (ECF No. 60.) After extensive discovery, including several litigated discovery disputes, Plaintiffs filed a Motion to Certify the Class. (ECF No. 85.) On September 11, 2014, Blanca Watkins settled her individual claims with Hireright, and, therefore, she was dismissed from the case. (ECF No. 101.)

On November 10, 2014, the parties attended mediation with a neutral mediator and reached a preliminary settlement agreement. On January 30, 2015, the parties filed a Joint Motion for Preliminary Approval of Proposed Settlement. (ECF No. 119.) On February 11, 2015, Hireright filed a Notice of Bankruptcy, and the case was stayed. (ECF No. 122.) After additional negotiation with the assistance of bankruptcy counsel, on October 9, 2015, the parties requested that the Motion for Preliminary Approval be reinstated. (ECF No. 125.) The Motion was granted. (ECF No. 130.) Now pending before the Court is the Motion for Final Approval of the Class Action Settlement (ECF No. 141) and this Motion for Attorneys' Fees Costs and Service Award. (ECF No. 136.)

## II. STATEMENT OF FACTS

### A. Underlying Case

Hireright is a large consumer reporting agency. Its customers, employers, use it both for background checks of potential employees, as well as for human resources support and assistance. Plaintiffs allege Hireright violated the Fair Credit Reporting Act ("FCRA") when it failed to include certain emails when consumers requested copies of their files. Specifically, Hireright sends its customers (employers) system-generated emails informing the customers whether the consumer's background report may or may not meet the customer's hiring criteria. Plaintiffs contend that those

emails should have been included in Hireright's responses to consumer disclosure requests.

## B. Attorneys' Fees and Costs

During the three years this case has been pending, Class Counsel investigated and drafted both the Complaint and the Amended Complaint, drafted and served multiple sets of written discovery, reviewed objections, and engaged in meet and confers regarding this written discovery. Additionally, Class counsel prepared and conducted depositions of defense witnesses, prepared and defended depositions of the two named Plaintiffs, and conducted meet and confers regarding deposition disputes. Class Counsel responded to 119 special interrogatories, 50 clarifying questions, and 156 written discovery requests propounded by Defendant and researched and drafted responses to Defendant's motion to compel. The docket is replete with instances when counsel returned to the Magistrate Judge for resolution of various discovery disputes. Class Counsel then researched and drafted the motion for class certification. Once an agreement to attend mediation was reached, counsel drafted mediation briefs, attended a full-day mediation, and then drafted multiple drafts of the settlement documents. Counsel claims it engaged in more than twelve hours of arm's length negotiations to reach the final agreement.

After the settlement agreement was executed and the motion for preliminary approval was drafted and filed, Defendant filed for bankruptcy in Delaware. Class counsel filed a proof of claim in the bankruptcy case on behalf of the class, hired bankruptcy counsel, and eventually negotiated an agreement whereby Hireright, in connection with its plan of reorganization, would resume its original settlement agreement. Class Counsel arranged for this agreement to be incorporated into the bankruptcy court's confirmation order.

Class Counsel attaches billing records showing it has expended $97,627 in litigation expenses and has incurred $960,305 in attorneys' fees. Nonetheless,

1 counsel requests only $60,000 in fees and $655,000 in attorneys' fees.

### C. Service Award

Mr. Hoyt's involvement became critical when the single other named Plaintiff reached an individual settlement with Hireright and asked to be dismissed from the case. According to Class Counsel, Mr. Hoyt assisted in the investigation of claims, responded to discovery including production of documents, and prepared and attended his deposition. Thus, Class Counsel requests a $10,000 service award on behalf of Mr. Hoyt.

### D. Settlement Agreement

The Settlement Agreement provides for a class fund of $460,000, negotiated separate from and exclusive of any attorneys' fees, costs, or service award. This class fund will be divided up *pro rata* among all class members. The class administrator indicates the individual per-claim settlement amount, based on 18,381 claims, will be $25.02. (Supplemental Declaration of Kelly Kratz Regarding Notice and Settlement Administration Activities Completed as of September 19, 2016, at ¶ 4.)

In addition, the settlement provides for injunctive relief. On all reports pertaining to a consumer who was adjudicated by Hireright, Hireright will include the following on the report (both on the consumer copy and the file disclosure copy, if any):

(1) The final adjudication status for the report;
(2) If an email notification was sent communicating that adjudication status to the customer, an "Activity Log" or similarly designated section of the report, stating the fact that an email was sent and the date of the email; and
(3) The following statement:

//
//

> "Email notifications, if configured, were sent by Hireright to the user who requested this report (identified in the 'Recipient' column of the report Activity Log). Such notifications may indicate whether the background report satisfies certain criteria established by the user as displayed in the 'Result' column of the report Activity Log."

(*Id.* ¶ 2.)

## III. ATTORNEYS' FEES AND COSTS

Courts have an independent obligation to ensure that the attorneys' and class representative fees awards, like the settlement, are reasonable. *In re Bluetooth Headsets Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In this case, Plaintiff seeks attorneys' fees under the FRCA's fee provision, 15 U.S.C. §1681n(a)(3). (ECF No. 136.) This fee provision is a fee-shifting statute. *Holman v. Experian Info. Sols., Inc.*, No. 11-cv-180 CW (DMR), 2014 WL 7186207, at * 3 (N.D. Cal. Dec. 12, 2014). "A fee-shifting provision's purpose is to encourage private litigants to enforce the laws that protect the public." *Id.* Therefore, in fixing the fee award, courts in the Ninth Circuit typically examine the "lodestar" in determining the appropriate amount of fees. *Id.* at *4; *see also In re Bluetooth*, 654 F.3d at 941 ("The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the relief sought and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation.")

In the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *In re Bluetooth*, 654 F.3d at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* The resulting amount is "presumptively reasonable." *Id.* at 942. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). The Court

may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors—including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class. *In re Bluetooth*, 654 F.3d at 941–42.

The Court, having reviewed the billing statements submitted by Class Counsel, finds that the lodestar amount is in fact $960,305 in reasonable time expended.[1]

First, the Court finds the billed number of hours to be reasonable by all three law firms given the fact that this case has been pending for three years, involved extensive discovery work, and even after a settlement had been negotiated, required additional hours expended in light of Defendant's bankruptcy. The hourly rates billed by the attorneys: $425-$525 for partners, $300-$375 for associates, and $175 for paralegals at Nichols Kaster; and $600 for Kevin Fok and $325-$450 for attorneys at A New Way of Life, are reasonable compared to other rates this Court has seen in similar cases in this community. Therefore, the Court finds the lodestar for attorneys' fees is correctly calculated as $960,305. The Court finds that counsel is skillful and experienced and negotiated an excellent result for the class, obtaining both monetary and injunctive relief, and that counsel obtained this relief despite raising a novel legal issue and assuming significant up-front costs for bankruptcy counsel. However, counsel is not requesting a multiplier for the work, and, in fact, are only requesting $655,000 in attorneys' fees, below the lodestar. The Court finds this amount is appropriate.

With respect to the costs requested, counsel argues that the cost amount should be calculated as $97,627. The Court disagrees. As the Court noted at oral argument, this amount appears to include $3000 in a donation to A New Way of Life, as well as

---

[1] The Court finds just the amount reasonably expended by Nichols Kaster in this case, $818,218.25, is more than the $655,000 requested by counsel. Almost half of the hours billed by Nichols Kaster, or 913.91 hours, were incurred in the heated discovery motions and practice before mediation even began.

excessive costs attributed to attorney travel. The Court calculates the appropriate cost amount as $86,626.91.[2] However, counsel is only requesting reimbursement of $60,000 in costs, less than the Court's calculated amount. The Court finds this amount, too, is appropriate.

## IV. <u>INCENTIVE AWARD</u>

Finally, Class Counsel requests $10,000 as a service fee for named plaintiff Spencer Hoyt. "[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Nonetheless, the Court has an obligation to assure that the amount requested is fair. *In re Bluetooth*, 654 F.3d at 941. "The propriety of incentive payments is arguably at its height when the award represents a fraction of the class representative's likely damages . . . But we should be more dubious of incentive payments when they make the class representative whole, or even more than whole." *In re Dry Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013). Factors the Court may consider in determining whether an incentive award is appropriate or not include: (1) the risk taken on by the named plaintiff—both financial and otherwise; (2) the notoriety and any personal difficulties faced by the named plaintiff as a result of his work; (3) the amount of time and effort expended by the representative on behalf of the class; (4) the duration of the litigation; and (5) the personal benefit or lack thereof enjoyed by the class representative as a result of the litigation. *Holman v. Experian*, No. 11-CV-0180 CW (DMR), 2014 WL 7186207, at *5 (citing *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995)).

---

[2] The Court calculates this amount using $500 per attorney flight, $250 per hotel night, meals at $100 per day, and land transportation costs of $150 per day. The Court further deducted the multiple $200 change fees for the airfares and the $3000 donation as noted above.

In this case, Spencer Hoyt shouldered the entire burden of being the named Plaintiff when Blanca Watkins withdrew from the litigation. The case has been pending for over three years and during that time period, Mr. Hoyt was called on to answer questions both in a deposition and in extensive written discovery. According to Class Counsel, he also assisted in the investigation of the claims and was required to produce many requested documents. Hence, the Court finds the $10,000 incentive award requested by Class Counsel is reasonable.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and Service Award. (ECF No. 136.) The Court awards Class Counsel $655,000 in attorneys' fees and $60,000 in Costs. The Court also awards named Plaintiff Spencer Hoyt $10,000 as a service or incentive award.

**IT IS SO ORDERED.**

DATED: September 30, 2016

Hon. Cynthia Bashant
United States District Judge